## TYLER v. FROST & CO.*

### Costs.

Costs cannot be claimed as matter of legal right, on dismissal of a petition under s. 7,
c. 38, of the Gen. Sts., to reverse and set aside a judgment of a justice; their allow-
ance rests in the discretion of the County Court.

THIS was a petition under s. 7, c. 38, of the Gen. Sts., to re-
verse and set aside a judgment rendered by a justice upon default,
for the reason that petitioner had no notice of the suit. The
court, at the April Term, 1875, dismissed the petition, and re-
fused costs to defendants, upon the ground that petitioner brought
the petition in good faith. Exceptions by defendants.

Clarke & Haskins, for defendants.

* WHEELER, J., did not sit, having tried the case below.

Tyler *v.* Frost & Co.

*Field & Tyler*, for petitioner.

The opinion of the court was delivered by

PIERPOINT, Ch. J.   This was a petition under the statute to vacate and set aside a judgment of a justice of the peace.   The County Court dismissed the petition, but refused to allow the petitionees their costs, to which they excepted, and the only question here is whether they were by law entitled to their cost as a matter of legal right.   The statute makes no express provision for the allowance or taxation of costs in cases of this kind, and it is only by force of our statutes that costs are ever taxed and allowed.   In cases of this kind, the statute provides that the County Court may, in its *discretion*, and on reasonable terms and conditions, reverse and set aside the judgment of a justice, and proceed to hear, try, &c., and make all necessary orders therein, in the same manner as if the same suit had been brought to the said court by appeal.   The statute may be broad enough to warrant the County Court in allowing the petitionee cost on dismissing the petition, but that must rest in the discretion of the County Court ; costs cannot, in a case like the present, be claimed as a matter of legal right.

Judgment affirmed.