## RIPLEY SONS AND OTHERS v. SAMUEL J. GRIGGS.

*Insolvency. Pendency of Former Petition. Recognizance for Costs.*

A citation not answerable to the requirements of law was appended to a petition in insolvency against an insolvent debtor, and served and returned. The judge of the Court of Insolvency afterwards discovered the faultiness of the citation, removed the citation from the petition, and appended a lawful one in its place, which was duly served. Before serving, the officer who made service gave the debtor notice of discontinuance of the first petition. *Held*, that the first petition was in fact discontinued by the failure to append such citation as the law required, and that upon notice thereof it ceased to be pending.

The statutes requiring recognizance for costs do not apply to petitions in insolvency. Therefore, as the statute instituting courts of insolvency made no provision for such recognizance, no such recognizance is necessary in such petition.

APPEAL from the Court of Insolvency for the District of Rutland. The facts were agreed on, and were, so far as material, as follows:

The plaintiffs duly petitioned said court to proceed against the defendant as an insolvent. The court appended a citation to the petition, and service and return were duly made. It was thereupon discovered by the judge of that court that the citation was not such as the law required, and he, supposing it to be void, removed it from the petition and appended a citation conformable to such requirements, and had service thereof duly made. That service was preceded by a notice to the defendant from the sheriff who made service that the first petition was discontinued. On appearing the defendant moved to dismiss because no security was

given for costs by way of recognizance ; but the motion was over-ruled. The defendant then pleaded the pendency of the petition under the first service as a bar ; but the court overruled the plea, holding the first citation to be void.

The case was heard on the agreed statement at the September Term, 1879, when the court, RICE, Assistant J., presiding, rendered judgment, *pro forma,* that the petition be dismissed ; to which the plaintiffs excepted.

*W. C. Dunton* and *Edward Dana,* for the plaintiffs.

No recognizance was necessary. Gen. Sts. c. 33, s. 5 ; *Dun-shee* v. *Stearns,* 1 Aik. 149; *Stoddard* v. *Gilman,* 22 Vt. 568 ; *Brock* v. *Eastman,* 27 Vt. 559. The deposit required by the statute was all the security the plaintiff was required to give.

The original proceedings were discontinued, and the plea is not good. *Kirby* v. *Jackson,* 42 Vt. 552 ; *Downer* v. *Garland,* 21 Vt. 362 ; *Hill* v. *Dunlap,* 15 Vt. 645.

*D. E. Nicholson,* for the defendant.

The deposit was not an answer to the requirement of a recognizance. Nor was mere verbal notice sufficient to discontinue.

The opinion of the court was delivered by

BARRETT, J. The plaintiffs duly petitioned the Court of Insolvency to proceed against the defendant as an insolvent, according to the provisions of the law in that behalf. It was for the court to issue a citation upon such petition to require and compel the defendant to appear and answer. The court appended a citation, and it was served and returned. Thereupon it was discovered by the judge that said citation was not such as the law required, and was supposed by him to be void. He removed that citation from the petition, and appended a citation such as the law required, and had service thereof duly made—that service being preceded by a notice to the defendant, given by the sheriff who had the process for service, that the first petition was discontinued. As matter of fact the court had discontinued it of its own motion by reason of the failure of the court to issue such a citation as the

law required.    When such discontinuance was made by the court,
and notice thereof given to the defendant, the first petition ceased
to be pending.    When the second citation was served there was
no obstacle to it, on the score of the pendency of the former peti-
tion.    It is to be presumed that the sheriff was requested by the
judge to give the notice of the discontinuance of the former peti-
tion ;  and this presumption was rendered, as matter of fact, as
nearly conclusive as could be, by the fact that the judge had issued a
new citation bearing the seal of the court.    If defendant had been
brought in question for not appearing in answer to the first citation,
the production by him of the second citation served on him, would
have been ample for his defence and protection.    The ground of
the plea did not exist, as alleged therein.    This comprehensive
view renders needless any debate of the subject, on the score of
the reasons, rules, and cases bearing upon it.    See 21 Vt. 362 ;
42 Vt. 552 ;  15 Vt. 645.

As to the motion to dismiss for want of recognizance for costs.
The subject of costs is wholly of statutory provision.    The stat-
utes requiring recognizance for costs do not apply to petitions in
insolvency.    The law of such petitions is entirely and exclusively
the statute providing for the proceeding.    The general statutes in
their provisions as to recognizance for costs did not contemplate
petitions in insolvency, when enacted ;  and their language does
not indicate their applicability to such petitions.    The Statute of
Insolvency makes no provision either in terms, or by reference,
or by implication.

*Judgment reversed, with costs, and cause remanded.*