LIZZIE EAGAN *v.* STEPHEN BERGEN.

*Costs. Basterdy Proceedings Discontinued.*

In bastardy proceedings under the statute, when the plaintiff causes the suit
to be discontinued by reason of ,miscarriage, the defendant is not enti-
tled to costs.

QUESTION of costs on the discontinuance of bastardy proceed-
ings. Heard, March Term, 1884, POWERS, J., presiding. The
court ruled that the defendant was entitled to costs.

*John G. Wing,* for the plaintiff.

*Heath & Carleton,* for the defendant.

The opinion of the court was delivered by

Ross, J. This is a complaint under the statute, to compel
the defendant to contribute to the support of his expected illegit-
imate child. At the second term of the court, the plaintiff
claimed the right, under the statute, to discontinue the action
without costs, by reason of miscarriage. The defendant claimed
that he was not guilty, and claimed costs. At the following
term, " the court ruled that the defendant had the right to a trial
whether the plaintiff was with child or not, and ordered the suit
discontinued with costs." The question is, whether the County
Court had the right to award costs upon the discontinuance of
the suit, upon the plaintiff's claim that she had miscarried, or
upon the defendant's claim that she had never been with child.
The proceeding and the liability of the putative father, is wholly
statutory. As first passed in 1797, there was no provision in the
statute in regard to costs either way. This court held that under
the statute of 1797, awarding costs on the trial was error.
*Claflin* v. *Hubbard,* Bray. 38. It is only by force of the stat-

ute that costs are ever taxed and allowed. *Tyler* v. *Frost & Co.* 48 Vt. 486. In 1822 the statute of 1797 on this subject was repealed, and very nearly the present statute enacted. The statute of 1822 was only a modification of that of 1797. By the statute of 1822, the plaintiff was required to furnish a recogniz-ance for costs upon the institution of the proceedings; and the defendant, upon his arrest, to furnish a recognizance to perform the orders of the court in regard to payments on orders for the support of the child and for costs, or be committed to jail. The statute provided that upon the trial of the question of whether the defendant was the father of the child the prevailing party should recover costs. But the act of 1822 retained of the act of 1797, what is now embodied in s. 2408 R. L: "If a woman, charging a person as aforesaid, dies or is married before she is delivered of such child, or miscarries thereof, or was not with child at the time of declaring herself to be with child by such person, the person shall be discharged from his recognizance by the County Court, or be released from custody by a justice of the same county, by warrant under his hand, upon application and proof made to the court or justice." Under this section, upon the claim, either of the plaintiff or of the defendant, the suit abated; and it was the duty of the County Court to discharge the defendant from his recognizance or from custody, in case he had given no recognizance; but in such case no power is given to the County Court to award the defendant costs. Secs. 2401 and 2404, R. L., give costs only upon a trial of the issue of whether the defendant is guilty or not guilty; or whether he is the father of the child or not. Upon either of the four things named in s. 2408 happening, there is to be no trial upon that issue; but the suit is to abate, and the defendant be discharged from his recognizance or from custody, and there is no provision for awarding costs. Inasmuch as upon the contingency claimed by either party, it was the duty of the court to abate the suit without trial of the issue of guilty or not guilty, and to discharge the defendant, in which case the statute makes no provision for awarding costs, we think the County Court exceeded its power

in rendering a judgment for the defendant to recover his costs. *Gordon* v. *Amidon*, 36 Vt. 735 supports these views in regard to the law. The judgment is reversed, and judgment rendered on the facts found by the County Court, that the suit abate, and that the defendant be discharged from his recognizance.