## E. D. MUNGER v. H. L. VERDER.

*New Trial. Petition under the Fraud, Accident and Mistake Statute. R. L. s. 1428. Costs.*

1. The judgment of the County Court granting in its discretion an appeal on a petition under the statute—R. L. s. 1428—will not be revised, where the court found in effect that the petitioner, through the fraud, accident or mistake of the officer, never received a copy of the writ, and was thereby unjustly deprived of his day in court.

2. Costs are not allowable to a petitioner in a proceeding under the fraud, accident or mistake statute—R. L. s. 1428.

PETITION for appeal under the statute—R. L. s. 1428. Heard September Term, 1886, VEAZEY, J., presiding. The petitionee moved to dismiss. The court overruled the motion and held, in the exercise of its discretion, upon the evidence, that the petitioner was unjustly deprived of his day in court by fraud, accident or mistake ; that said judgment was reversed and set aside without terms ; that the petitioner be allowed to enter said cause ; that the petitionee should pay the petitioner his costs.

The petitioner introduced the original files of the justice in the original cause, and the officer's return thereon. The return showed that a sheriff served the writ upon the petitioner

Munger *v.* Verder .

on the 15th day of September, 1885, by delivering to him a true and attested copy. It appeared that the writ was returnable September 21, 1885, and on that day judgment was entered by default against the petitioner. The petitioner also introduced evidence tending to show that said officer's return was untrue ; that he had never received a copy of said writ, and had no notice of said action before the judgment ; and that on the day said writ appeared to have been served and on the return day thereof he was without the State, and did not return until after judgment was entered against him. The petitionee excepted to the admission of this evidence.

Some days after the judgment was rendered the attorney of the petitionee went with the petitioner to the office of the justice who rendered the judgment, and offered to have the judgment stricken off and give the petitioner a hearing ; but the latter did not then decide to take a trial, and on October 7th an execution was issued, and thereupon the petitioner prayed out his petition and supersedeas.

*Butler & Moloney*, for the petitionee.

The officer's return is conclusive, and cannot be impeached by the parties. *Witherell* v. *Goss*, 26 Vt. 748 ; *Alexander* v. *Abbott*, 21 Vt. 476. The petitioner should not have been allowed to impeach his own testimony. *Cox* v. *Eayres*, 55 Vt. 24. It was the petitioner's own fault that he did not have a trial, as the petitioner's attorney offered to have the judgment stricken off ; hence the statute does not apply. *Davison* v. *Heffron*, 31 Vt. 687.

In no case where the party has had time and opportunity to take advantage of the matter, and neglected to do it, can he be relieved? *Downs* v. *Reed*, 32 Vt. 785 ; *Witherell* v. *Goss*, *supra*. The statute should not be extended to cases where the party has not used care and diligence. *Babcock* v. *Brown*, 25 Vt. 550 ; *Finney* v. *Hill*, 11 Vt. 233. The judgment should be reversed. No costs should have been allowed. R. L. ss. 1400, 1419, 1601, 2990,

*J. C. Baker*, for the petitioner.

The petition is addressed to the discretion of the County Court. R. L. s. 1428. Matters resting in the discretion of the court below will not be reviewed. *Mosseaux* v. *Brigham*, 19 Vt. 457; *Brown* v. *Mills*, 21 Vt. 68; *Downs* v. *Reed*, 32 Vt. 785; *Burton* v. *Barlow*, 55 Vt. 434; *Lillie* v. *Lillie*, 56 Vt. 714.

This proceeding is wholly a creature of the statute, and is controlled by the statute. *Adams* v. *Newfane*, 8 Vt. 271; *Chase* v. *Rutland*, 47 Vt. 393; *Houghton* v. *Slack*, 10 Vt. 520; *Durkee* v. *Marshall*, 14 Vt. 559; *Brock* v. *Eastman*, 27 Vt. 559. The prayer of the petition is never granted unless it is shown that substantial injustice has been done. *Londonderry* v. *Peru*, 45 Vt. 424; *Pomfret* v. *Hartford*, 42 Vt. 134; *Lyman* v. *Burlington*, 22 Vt. 131. The statute is construed liberally. *Sleeper* v. *Croker*, 48 Vt. 9; *Bradish* v. *Redway*, 35 Vt. 424. Evidence was admissible to contradict the officer's return. *Kimball* v. *Kelton*, 54 Vt. 177. The costs were allowable in the discretion of the court. *Tyler* v. *Frost*, 48 Vt. 486.

The opinion of the court was delivered by

TAFT, J   The evidence detailed in the exceptions tended to show that the petitioner was deprived of his day in court by the mistake of the officer in making his return on the original writ. It thus made a case strictly within the provisions of section 1428, R. L.   In such cases the discretion exercised by the court will not be revised here. *Burton* v. *Barlow's Est.*, 55 Vt. 434; *Lillie* v. *Lillie's Est.*, 56 Vt. 714. Under said section terms might have been imposed upon the petitioner, but none were. The court ordered the petitionee to pay the costs of the petitioner. If the petitioner fails to maintain his petition the court can order him to pay costs to the petitionee. R. L. s. 1431. We are not aware of any statute which justifies the court in ordering the petitionee to pay the petitioner's costs when the prayer of the petition is granted,

" and it is only by force of our statutes that costs are ever taxed and allowed." *Tyler* v. *Frost & Co.*, 48 Vt. 486. The order as to costs was error.

Judgment affirmed save as to costs, in which respect it is reversed and cause remanded.