Tenney *v.* Harvey and Smith.

## JOHN A. TENNEY *v.* R. M. HARVEY AND C. F. SMITH.

*Writ of possession. Costs. False arrest. Damages. Evidence. Joint liability of attorney.*

1. No costs are chargeable upon a writ of possession issued under No. 65, s. 3, Acts of 1886, to put the purchaser into possession of real estate sold upon execution.

2. The action was for false imprisonment and the defendant attempted to justify under a legal precept. In aggravation of damages the plaintiff claimed that he was in feeble health when arrested. *Held*, that the defendant could not show what conclusion he came to regarding the plaintiff's health from information obtained upon inquiry among the neighbors, as bearing upon the question of actual damages, although upon the question of exemplary damages it might be admissible as showing good faith.

3. The Supreme Court will not affirm error in the admission of evidence, which would have been admissible upon any supposable state of the case not at variance with the exceptions.

4. Evidence that the plaintiff did not make his customary trip to a certain store might be admissible as tending to show that he was not in customary health.

5. An attorney who makes out and puts into the hands of an officer for service an invalid precept, is liable if the arrest is made under his direction and advice, although not present and participating.

6. In an action for false imprisonment by the service of a writ of possession as a *capias*, the plaintiff may prove by the defendant, as a preliminary matter, that he, as deputy sheriff, received an execution against the plaintiff, and sold upon the same all the plaintiff's real estate except his homestead.

Action for false imprisonment. Plea, the general issue with notice of special matter. Trial by jury at the June term, 1890, Tyler, J., presiding. Verdict and judgment for the plaintiff.

The defendants except.

Tenney *v.* Harvey and Smith.

The defendants sought to justify the arrest under a writ of possession which had issued as a *capias* against the plaintiff. The real estate of the plaintiff had been levied on and sold by the defendant Smith under an execution in favor of the town of Corinth. The land had been bid off by the defendant Harvey for the town, and he had charge of the town's interests in the matter. The land not having been redeemed within the time prescribed by statute, Harvey took out, on behalf of the town, this writ of possession, and put it into the hands of Smith to serve, but was not present when it was actually served.

The plaintiff called the defendant Smith as a witness and was permitted to show by him, against the exception of the defendants, that he, as deputy sheriff, had received an execution against the plaintiff in favor of the town of Corinth, and sold upon it all the real estate of the plaintiff except his homestead.

The court held as a matter of law that the writ of possession was no justification as to the defendant Smith, and as to him submitted to the jury only the question of damages.

The jury returned the following verdict:

"In this cause the jury say, that the defendants are guilty in manner and form, as alleged in plaintiff's declaration, and therefore find for plaintiff to recover the sum of $100 for damages and costs. No exemplary damage."

The remaining facts appear in the opinion.

*J. K. Darling,* for the defendants.

The writ properly issued as a *capias.* It was to issue like a writ of possession in foreclosure proceedings. No. 65, s. 3, Acts 1886. That is to be issued and executed like a writ issued by a court of law after judgment in an action of ejectment. R. L. s. 767. It was therefore a justification to the officer for arresting the plaintiff upon his failure to pay costs. *Barnes* v. *Tenney,* 52 Vt. 557; R. L. ss. 1322, 1324.

Evidence that the plaintiff was unable to go to Sargent's store was inadmissible.

*Hunton & Stickney*, for the plaintiff.

A writ of possession following a foreclosure cannot properly issue as a *capias* for costs. R. L. ss. 1252, 760, 1257.

To allow the issuing of a writ in the manner provided for by No. 65, Acts 1886, is to deprive a man of his property without due process of law, and the act is for that reason unconstitutional. 2 Kent Com. p. 13; *Murrey's Lessee* v. *Hoboken L. and I. Co.*, 18 How. U. S. 272; *In re* Gannon, 18 Atl. Rep. 159; *Bartlett* v. *Wilson*, 59 Vt. 23.

The opinion of the court was delivered by

START, J. This is an action of trespass for false imprisonment. The defendants seek to justify the imprisonment under a writ of possession issued as a *capias* for the recovery of costs, and claims that the writ thus issued is authorized by Section 3 of No. 65, Acts of 1886. Defendant Smith was a deputy sheriff, and the writ was delivered to him, as such sheriff, to serve and return. The writ directed him to cause the town of Corinth to have possession of certain real estate that had been sold to it on a property execution in its favor and against the plaintiff in this cause. He was also directed by the writ to collect one dollar for the writ, and his fees for serving the same. He caused possession of the premises to be delivered to defendant Harvey, as attorney for the town, and demanded of the plaintiff one dollar for the writ, and two dollars for his fees for serving the same. The plaintiff refused to pay the sum so demanded; and, thereupon, defendant Smith arrested and detained him until he paid the same.

1. If these costs were not properly chargeable to the plaintiff, then the defendants were not justified in arresting and detaining him. Section 3 of No. 65, Acts of 1886, provides that:

Tenney *v.* Harvey and Smith.

" Whenever the premises, sold on execution agreeably to No. 139 of the Acts of 1884, shall not have been redeemed as specified in section 10 of said act, the clerk of the court, or justice of the peace to whom such execution shall be returnable may issue a writ of possesion to the purchaser of said premises to put him in possession thereof, which writ shall be issued like, and have the same effect as similar writs issued after judgment in an action of ejectment." This act does not provide for the payment of the cost of the writ and service by the debtor; and it is quite as reasonable, and certainly more humane, to presume the Legislature intended the purchaser should make his purchase with the knowledge that he would incur this expense, as to presume the Legislature intended that the debtor whose property has been sold to satisfy his liabilities should pay it, or be imprisoned. It is only by force of our statute that costs are ever allowed. *Tyler* v. *Frost*, 48 Vt. 486; *Munger* v. *Verder*, 59 Vt. 386. We are unable to find any provision in the statute relating to costs that is applicable to this case, and hold, that the costs were not chargeable to the plaintiff; that the writ issued for costs without authority; and that the arrest was illegal.

2. The testimony of defendant Smith in respect to the levy of the execution was properly received for the purpose of showing the circumstances attending the main facts in controversy, and in respect to the allegation in the defendant's notice that, for want of goods, chattels, or lands belonging to the plaintiff, his body was arrested.

3. The plaintiff claimed that he was in poor health, and in an unfit condition to be taken from home. Defendant Smith, having testified that he made inquiries of the plaintiff's neighbors as to his health, was asked the following question: " From the information you received from Mr. Tenney's neighbors in that behalf, what conclusion did you come to as to his condition, with what you had seen of Mr. Tenney that day?" The witness was allowed to testify, without objection, that it was his judgment

that the plaintiff was able to go to jail without risk to life or health. As bearing upon the question of whether the plaintiff was able to go to jail, and as affecting actual damages, this was all the defendants were entitled to. The witness was not an expert. He could not give an opinion based upon what his neighbors told him, or state what conclusion he arrived at from the information thus derived. Upon the question of exemplary damages, the defendants might show that they acted in good faith and without malice, and that they took the precaution to inquire of the plaintiff's neighbors in regard to his health. But this evidence could not be received to diminish the actual damages. The jury having failed to find exemplary damages, we think the defendants were not harmed by the exclusion of the evidence.

4. The plaintiff claimed that he was in poor health at the time he was arrested; and he was allowed, against the defendants' objection and exception, to show that it was his daily custom, when well, to go to Sargent's store, and that he had not been there for some time previous to his arrest. If this evidence was admissible under any conceivable state of the evidence not disclosed by the exceptions, then there was no error in admitting it. Facts and circumstances may have appeared that rendered the testimony admissible, such as proof that the plaintiff was at home and circumstanced as he was when so often at the store. If such facts and circumstances did not appear, there should have been a statement in the exceptions that there was no evidence tending to show that the plaintiff was circumstanced as he was when he was accustomed to visit the store, or the evidence should have been referred to, in order to sustain the defendants' exceptions. This court will not presume that such facts and circumstances did not appear, in order to find error in the ruling of the County Court. It is to be presumed that the facts and circumstances necessary to render the testimony admissible did appear, unless the contrary is shown in the exceptions. It is incumbent upon

the excepting party to show that the evidence objected to was clearly inadmissible. This is not shown by the exceptions. *Boutelle* v. *Westchester Fire Ins. Co.*, 51 Vt. 4. If it appeared that the plaintiff was at home, and circumstanced as he was when so often at the store, the testimony tended to support the claim made by him, and was admissible. His failure to go to the store was a departure from his usual custom. Generally, when a man is sick, he omits to do those things which he has been accustomed to do when well; and a claim that a man is sick is rendered more probable by proof of his omission to do those things that he has been accustomed to do when well. In the case of *Armstrong* v. *Noble*, 55 Vt. 433, Ross, J., in delivering the opinion of the court, says : " Whatever renders a claimed fact probable or improbable is proper evidence to be considered in determining whether the fact exists."

5. As to the liability of defendant Harvey, the court instructed the jury as follows : " It appears in the case that he was acting as the attorney, after he took out the writ of possession. I think he says he drew it and sent it down to the clerk's office to be signed and gave it to the officer to be served. He was with defendant Smith at the sale, when they called on the plaintiff that morning of the 23d of February, and what part he had in the conversation you will remember; and their coming back, after going to Dr. Locke's house. He says he was not present when the arrest was finally made ; that he was not present at the house, or in the store, when Smith claims he made the arrest. Although he may not have had an active participation in making the arrest, if the arrest was made under his direction and advice, he would be jointly liable with the defendant, Mr. Smith; otherwise not. You will consider that and say whether he directed and advised the arrest. If he did not, then he is not liable ; if he did, he is liable." It is claimed that the court erred in this part of the charge, in that the jury were at liberty to find defendant Harvey liable, simply beceuse he was counsel for the

town of Corinth; or because he drew the writ, sent it to the clerk's office to be signed, and gave it to the officer to serve; or because he was with defendant Smith at the sale; or because he was at the plaintiff's house with Smith the morning the arrest was made. We do not so understand the charge. The jury were told, in clear and unmistakable language, that Harvey could not be held liable, unless he *directed* and *advised* the arrest.

*Judgment affirmed.*