## STATE *v.* BLACKBURN.

### Opinion delivered December 21, 1895.

BASTARDY—ACQUITTAL—COSTS.—The costs in a bastardy proceeding cannot be charged against the county, where the defendant is acquitted.

Appeal from Johnson Circuit Court.

JEREMIAH G. WALLACE, Judge.

*E. B. Kinsworthy,* Attorney General, for appellant.

The county is not liable for costs in bastardy cases. Sand. & H. Dig. sec. 474. When justices had jurisdiction, this court held that such cases had the principal features of criminal cases *less than a felony*, where no indictments were required. 29 Ark. 62-68. The liability of counties in criminal prosecutions rests alone on the statute (Sand. & H. Dig. sec 2316), and under that statute the county is not liable. Counties are not liable in misdemeanors. *Ib.* sec. 2315. Nor are they liable unless the statute expressly makes them so. 32 Ark. 45. Statutes regulating costs are strictly construed, and all doubts are decided in favor of the county. Suth. on Stat. Constr. sec. 371.

BUNN, C. J. Appellee was arrested on affidavit before the county court of Johnson county on the charge of bastardy. He was convicted in the county court, appealed to the circuit court, and was acquitted. The court gave judgment against the state for costs, and ordered the circuit clerk to make out a certified list of the cost in the case, which was done. The circuit court approved the same, and ordered the county court to allow and pay the same. To this order of the court in taxing the cost against Johnson county, the state at the time excepted, and prayed an appeal to this court.

This raises the question, whether or not, in bastardy cases, in cases of failure in the prosecution, the costs of the procedure can be taxed against the county. It is well to state in the outset, that the statutes nowhere provide, in terms, who shall pay the costs in such cases. Under the constitution of 1868, when justices of the peace had jurisdiction of bastardy, it was treated in so far at least as a criminal matter that the costs were paid by the county as in misdemeanors, when the prosecution failed. At least we infer as much from decisions reported. *Jackson* v. *State*, 29 Ark. 62.

The county court now has, by the constitution, exclusive original jurisdiction of the subject; and this court, under the new order of things, holds that bastardy is the subject of civil proceeding. The costs, therefore, cannot be assessed against the county, as in case of criminal proceedings. It was said in *Cole* v. *White County*, 32 Ark. 45, that "it is an established rule of law that, where the compensation of an officer is regulated by fees, he can only demand such fees as are fixed and authorized for the performance of his official duties, and he cannot charge for a particular service, for which no special fee is given, unless its payment is allowed by some general provision * * * to the effect that, in all cases where an officer or other person is required to

perform any duty for which no fees are allowed by any law, he shall be entitled to receive such pay as would be allowed for similar services." So much for the amount of the compensation or fees, and this is regulated by statute. See section 474, Sand. & H. Digest. But the court in *Cole* v. *White County, supra,* continuing, said : "Such general provision, however, does not embrace services required to be performed for the state, or county; for it is also another well settled rule that, in the construction of statutes declaring or affecting rights and interests, general words do not include the state, or affect its rights, unless it be especially named, or it be clear, by necessary implication, that the state was intended to be included." And counties have the benefit of the same strict construction of statutes affecting them as has the state in like circumstances; for, continues this court in the same case : "Counties are civil divisions of the state, for political purposes, and are its auxiliaries and instrumentalities in the administration of its government." And: " It follows, then, that counties, which are component and essential parts of the state, and are necessary agencies of its government, embodiments of the public, are no more embraced in the general words of the statute than the state itself."

Statutes regulating costs are to be strictly construed in favor of the party sought to be charged, and this even in cases where private persons alone are affected. Sutherland on Statutory Construction, sec. 371.

In *Eagan* v. *Bergen*, 56 Vt. 589, Bergen was before the appropriate court on a charge of bastardy. During the pendency of the proceedings, there was a miscarriage of the expected illegitimate child, and it became necessary to permit the proceedings to abate. The defendant demanded a trial on the issues made,—that is, as to his guilt or innocence,—and trial was had, and de-

fendant discharged. Court awarded costs to the defendant. *Held* that, as no costs were provided by statute, none could be awarded to defendant. The difference between that case and the one at bar is this: In the former the costs were not regulated by statute, while in the latter they are regulated, or rather fixed, by statute, and yet the statute fails to make any one bound for the same in case of adverse judgment.

Our conclusion is that no one is bound for costs, unless rendered so by some positive provision of law, or as a necessary implication from provision of law, and that neither the state nor the county is bound even by legal provisions, unless it is specifically or by necessary implication named or referred to therein, and that the judgment of costs against the county in this case is erroneous, and the same is reversed as to said costs.