RUTLAND RAILROAD COMPANY *v.* BELLOWS FALLS &

SAXTON'S RIVER STREET RAILWAY COMPANY.

Special Term, February 23, 28, 1900.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ

Opinion filed April 5, 1900.

*A petition for commissioners under V. S. 3864 does not require a recognizance for costs*—A petition by a railroad company for the appointment of commissioners under V. S. 3864 will not be dismissed for want of a recognizance for costs, since none is required by the statute.

*Street railroads subject to the provisions of V. S. Chap. 169 in respect to crossings and connections*—The provisions of V. S. Chap. 169 in regard to the crossing of one railroad over another or a connection between two railroads apply when one of the roads in question is a street railroad, incorporated to do the business of a railroad in the transportation of passengers and freight.

*Jurisdiction to appoint commissioners under V. S. 3864*—That the properties of the parties to a petition under V. S. 3864 are not strictly contiguous does not, if shown, deprive the court of jurisdiction to appoint commissioners. Questions not affecting the jurisdiction to make such appointment need not be considered until the coming in of the commissioners report.

PETITION to the Supreme Court under V. S. 3864. Heard on petition and a motion to dismiss at a Special Term held at Burlington in Chittenden County, February 23 and 28, 1900.

*Frederick H. Button* for the petitioner.

*George A. Weston* for the petitionee.

TAFT, C. J.   The petitioner, the Rutland Railroad Company, has filed its petition alleging it is operating a railroad from Burlington to Bellows Falls, connecting with other roads, and owns terminal property in the latter place; it alleges that the petitionee is constructing a railroad between the village of Bellows Falls and Westminster, and when completed, will operate the same for the transportation of persons and property; that it will receive freight at various points on its road for delivery to points on or beyond the petitioner's railroad in car-load lots and otherwise, and that the petitioner will haul over its road, freight in car-load lots and otherwise to be delivered to points on the petitionee's road; it further alleges that the petitionee's railroad will terminate at or near the terminal property of the petitioner in the Village of Bellows Falls, and that for the convenience of the public and to facilitate the exchange of said freight in car-load lots or otherwise, the petitionee should unite or connect its said railroad on said terminal property with that of the petitioner and such freight should there be exchanged between said respective railroads. That the petitioner has tried to agree with the petitionee as to the point and manner of the union or connection of their respective railroads, and for the exchange of freight at that point, but has been unable to do so, and asking that commissioners be appointed to hear the parties with their allegations and proof, and make award in respect thereto.

The petitionee moves to dismiss the petition for that no recognizance was entered into by the petitioner at the time the

petition was issued to secure the petitionee its costs in case the petition should be .dismissed.   The appointment of commissioners is provided for by V. S. s. 3864, and there is no requirement of the statute that a recognizance for costs shall be entered into when the petition issues or afterwards.   The subject of costs is a statutory provision, and the statute being silent upon the subject, no recognizance was necessary.   *Ripley* v.*Griggs,* 52 Vt. 460.

The petitionee was incorporated by No. 135, Acts 1892, for the.purpose and with the right of constructing, maintaining and operating a street railroad, and of transporting persons and property thereon for hire.   They have the right to enter upon, use and occupy so much of the streets and highways upon said route as shall be necessary, and to purchase such real estate and rights of way as the business of the company may require and construct its line, if desired, upon lands so purchased, and by No. 168, Acts 1898, the further power is given to them to acquire such real estate or right of way, as the business of said road may require, and to enter upon and take the lands of persons, for the use and purpose of its road, by right of eminent domain.   Nothing is said in the act incorporating the petitionee as to the motive power to be used by said road, but it is a railroad, doing, or when constructed, to do, the business of a railroad in the transportation of passengers and freight. / The case comes clearly within the provisions of V. S. c. 169, in regard to the crossing or connection of one railroad with another.   It is objected that the properties of the parties, do not, in fact, connect or intersect, and that under the chartered rights of each, they will not connect or intersect. The plan which has been used in the case shows that the tracks of the petitionee reach the terminal property of the petitioner, and there is no practical objection in making the connection or union of the tracks of the two roads.   It is not necessary that

the petitionee should now own or control or have any ground at or near its terminus adjoining said petitioner's terminal property, but it can have or be given the right to enter, to construct its road or unite its railroad with that of the petitioner upon the grounds now occupied by the petitionee as required by V. S. s. 3860. There is no legal difficulty in their securing such ground as may be necessary. It has that power given by its charter, and from the plans it is clearly apparent that none need be acquired as they already have the right to construct their track to the terminal property of the petitioners. The case before us, comes clearly within V. S. ss. 3860-3868, and the court have jurisdiction of the matter to appoint commissioners, which is the only prayer of the petition. / The objection is made that the court cannot grant the prayer of the petitioner for the reason that the petitionee can not be compelled to build its railroad on the terminal property of the petitioner. Without passing upon this question and saying whether it can or can not be so compelled to build, the matter should be left to the commissioners to make such report in regard to the matter of connecting, as they think the interests of the parties require. It may be that the connection or union of the two roads can be made by the petitioner building tracks upon its own terminal property. One would come to that conclusion from the examination of the plan and the arguments of the counsel. Neither is it necessary that the petitioner should be given the right to build its railroad upon the streets and highways over which, by the consent of the selectmen and trustees, the petitionee has obtained permission to build. and operate its railway. From the inspection of the plan, we think the case may be free from any of these objections, and it is unnecessary for us at this time, to discuss or decide the question as to whether either of the parties has the right to construct its tracks upon the terminal property of the other. In

a case lately before this court, The *Rutland-Canadian Railway Co.* v. *The Central Vermont Railway Co.*, 72 Vt. 178, it was held that the petitioner should have the right to construct its tracks over the lands of the petitionee. Many of the questions raised and discussed by counsel, can be properly considered if they become material, when the award of the commissioners is made and is before us, for their award may be of such a character as to relieve the case of many of the questions. Let the commissioners be appointed.

*Rowell, Start* and *Watson*, JJ., concur.