IN RE NICHOLAS JACOBS.

January Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed February 13, 1914.

*Habeas Corpus—Right to Costs.*

It is only by force of the statute that costs are ever taxed and allowed, and P. S. 6234, providing that designated fees "shall be taxed in the bill of costs to the recovering party in the County or Supreme Court" does not give costs to a respondent who prevails on habeas corpus proceedings, and this is clearly so in view of P. S. 1974, 1977, which contain special provisions relating to costs in the case of other prerogative writs.

APPEAL from disallowance by the clerk of costs to the respondent who prevailed in habeas corpus proceedings, Franklin County. Heard at Chambers on July 14, 1913. Clerk's decision affirmed. The respondent excepted.

*McFeeters & McFeeters* for the respondent.

*A. B. Rowley* for the petitioner.

MUNSON, J. This was a hearing had in county court on a writ of habeas corpus, which resulted in an order remanding the relator. The sufficiency of the findings to justify this action is the matter mainly briefed; but there was no exception to the judgment. The custodians of the relator claimed costs, and on these being disallowed by the clerk they appealed to the court. The county court affirmed the disallowance, and the case is here on exceptions to this judgment.

It is only by force of our statutes that costs are ever taxed and allowed. *Tyler* v. *Frost*, 48 Vt. 486; *Ripley* v. *Griggs*, 52 Vt. 462. No provision specifically giving costs in habeas corpus proceedings has been pointed out by counsel, and we know of none. P. S. 6234, which provides that "there shall be taxed in the bill of costs to the recovering party in the county or

supreme court'' certain fees, is the section relied upon. But it cannot be claimed that this section gives costs to the prevailing party in all proceedings in the county court, in view of the decision in *Munger* v. *Verder*, 59 Vt. 386, 8 Atl. 154. That was a petition under the fraud, accident and mistake statute, and the prayer of the petition was granted, with an order that the petitionee pay the costs of the petitioner. The judgment was reversed as to costs, on the ground that there was no statute which authorized the allowance. But if the section relied upon were given a broader effect than is indicated by the above decision, proceedings in habeas corpus might properly be held to be outside the legislative intent, because of the nature of the writ. This is clearly so, in view of the fact that special provisions regarding costs are made in the case of other prerogative writs. P. S. 1974, 1977.

*Judgment affirmed.*