EUNICE Y. COMSTOCK'S ADMR. *v.* ABE JACOBS.

October Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed November 10, 1915.

*Costs—Taxation of Transcript—Statutory Authority—Common Law.*

While the taxation of costs, *eo nomine*, was unknown at common law, by the Statute of Gloucester, 6 Edw. I, costs were allowed a successful plaintiff in real actions, and by later statutes in all actions, and the same right was given a successful defendant by 23 Hen. VIII and subsequent amendments, and as our statute of 1779, adopting "the common law as it is generally practiced and understood in the New England States" adopted the common law of England as altered by statutes in force October 1, 1760, the date arbitrarily selected as the date to which our statute related, the usual statement that "it is only by force of our statutes that costs are ever taxed and allowed" would be less confusing if it recited that it is only by force of our statutes that costs are taxed and allowed in cases where they were not allowed by the law of England in force October 1, 1760.

P. S. 6234, requiring that designated costs shall be taxed to the successful party, was not intended to restrict, but rather to enlarge, the costs that would otherwise be recoverable, and so the fact that it makes no mention of the cost of the transcript does not preclude the taxation thereof, where the transcript is made a part of the record.

Where the transcript is referred to by the bill of exceptions and made a part thereof, so far as material, Supreme Court rule 5, requiring the advancing party to procure a certain number of printed copies of the case, and fixing the fees therefor, authorizes the allowance of the costs of the transcript to a prevailing exceptor, not to exceed the statute price per folio.

APPEAL from the taxation of costs by the clerk of this Court on the judgment rendered at the May Term, 1915; see *ante* page 133. The opinion states the case.

*John W. Gordon, Earl R. Davis* and *W. H. Sprague* for the plaintiff.

*David S. Conant, Frank S. Williams, R. N. Harvey* and *Stanley C. Wilson* for the defendant.

TAYLOR, J.   Plaintiff appeals from the taxation of defendant's costs on the final judgment of this Court at the May Term, 1915.  89 Vt. 133, 94 Atl. 497.  The only item of the taxation objected to is the allowance for the transcript of testimony taken at the first trial, when the plaintiff had judgment.  The case was heard at the October Term, 1910, on defendant's exceptions and was reversed and remanded for a new trial.  84 Vt. 277, 78 Atl. 1017, Ann. Cas. 1913 A, 679.  The transcript of the evidence was referred to in defendant's bill of exceptions and made part thereof, so far as material; and it was ordered that one copy be furnished to the Court with the provision that it need not be printed.  Plaintiff's objection to the taxation of the item questioned is that it is without warrant of statute or rule of Court.

Plaintiff contends that no costs can be taxed against a party unless there is a statute expressly authorizing it.  This claim finds apparent support in some of our cases, in which it is said "it is only by force of our statutes that costs are ever taxed and allowed."  *Tyler* v. *Frost,* 48 Vt. 486; *Eagan* v. *Bergan,* 56 Vt. 589; *Munger* v. *Verder,* 59 Vt. 386, 8 Atl. 154; *Tenny* v. *Smith,* 63 Vt. 520, 22 Atl. 659; *In re Welch's Will,* 69 Vt. 127, 37 Atl. 250; *In re Nicholas Jacobs,* 87 Vt. 454, 89 Atl. 634.

This statement, unless rightly understood, is broad enough to deny the successful party costs that are daily taxed and allowed without question.  For example, the Public Statutes do not provide for taxing as costs the fees paid witnesses for attending court, the fees paid for service of process, or the expense of taking depositions; as to which no one would question the propriety of their being allowed as costs.  On plaintiff's claim the allowance of the expense of preparing and printing the bill of exceptions is likewise without warrant of law.

Plaintiff argues that we have no statute covering the taxation in question; that the court has no power to create a liability for costs by a rule of Court; and that at common law no costs were recoverable by either party.  It is true that at common law

costs, *eo nomine,* were unknown. However, by the statute of Gloucester (6 Edward I) they were made recoverable by the plaintiff in real actions; and by subsequent statutes the plaintiff's right to recover costs was extended to all cases in which he was successful. Later by the statute of 23 Henry VIII and subsequent amendments the defendant was given the same right to his costs, if successful, as the plaintiff would have had if he had recovered. 7 R. C. L. 781. When our Legislature (1779) enacted that "the common law as it is generally practiced and understood in the New England States" should be established as the common law of this State, it adopted the common law of England as amended or altered by statutes in force at the time to which the enactment related. *Giddings* v. *Smith,* 15 Vt. 344. Subsequently for convenience October 1, 1760, was arbitrarily selected as the date to which the enactment related. See *Clement* v. *Graham,* 78 Vt. 290, 63 Atl. 146, Ann. Cas. 1915 E, 1208. Such amendatory statutes were not reenacted here, but were considered as incorporated into the common law. *Giddings* v. *Smith, supra; Com.* v. *Knowlton,* 2 Mass. 530; *State* v. *Rollins,* 8 N. H. 550; *Card* v. *Grinman,* 5 Conn. 164.

The English statutes relating to costs in force October 1, 1760, were thus adopted as part of the common law of this State, and the right of the prevailing party to recover his costs rests upon such statutes affected by amendments or alterations since enacted by our Legislature. See *Hart* v. *Skinner,* 16 Vt. 138, 42 Am. Dec. 500. With this understanding there is no discrepancy between the oft repeated statement that it is only by force of statute that costs are ever allowed and the practice of taxing and allowing certain costs without express authority to be found in the Public Statutes. It will be observed that in the cases where the statement appears the Court was dealing with actions created by statute or with actions where the right to costs had not been conferred by the early English statutes. It might be less confusing to say that it is only by force of our statutes that costs are taxed and allowed in cases where they were not allowed by the law of England in force October 1, 1760.

It is claimed that only such costs as are specified in P. S. 6234 can be recovered in this Court. An examination of the legislation leading up to this section makes it evident that the Legislature did not intend thereby to restrict the costs that could be recovered by the successful party. On the contrary the

purpose of the section is to provide for the recovery of costs that were not before considered as recoverable. Though statutes had from time to time been enacted fixing fees, the authority for taxing such fees as costs was left to depend upon the practice under the common law "as practiced and understood" from the foundation of the state. The section had its origin in G. S., Ch. 126, §§35, 36, which provided for taxing certain attorney's fees and the fees of the party for attending county and supreme court. Later, when the advancing party was required to pay a trial or jury fee, it was provided that he should be allowed therefor as part of his taxable costs; and finally the entry and judgment fee were added. Thus the section enlarges the field of the successful party's recovery but leaves the original right unimpaired.

The right of the defendant to recover the item in question depends upon the construction to be given to Rule 5 of this Court. It is not seriously questioned, as indeed it cannot well be, that the prevailing party should be allowed the expense of bringing to this Court the record of the trial below. This rule requires the advancing party, by himself or the clerk, to prepare a certain number of printed copies of the case, which shall contain such matter as is necessary to present fully the questions raised. When the transcript is referred to and made part of the bill of exceptions it is incumbent on the excepting party to furnish it to the Court. This duty is unaffected by the order that one copy which need not be printed should suffice. The sum to be allowed as costs for such transcript is fixed by section 3 of the rule in question which provides: "The fees for furnishing such copies, except briefs, shall be the statute price per folio of one hundred words as for one manifold copy." This provision is full warrant for the taxation as costs of the actual expense to the prevailing party of procuring the transcript when made part of the bill of exceptions, not to exceed the statute price per folio.

*The appeal is without merit and should be dismissed.*