IN RE MARY L. ST. ONGE AND EUGENE ST. ONGE.

May Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed August 4, 1919.

*Habeas Corpus—Issuance of Writ Without Recognizance for Costs—Costs Dependent on Statute.*

A writ of *habeas corpus* is not a "writ of summons" within the meaning of G. L. 1707, and can issue without the recognizance for costs required therein.

Costs are taxed and allowed only by force of the statute.

WRIT OF HABEAS CORPUS brought by Joseph St. Onge to obtain the custody of his two minor children from their grandparents, the petitionees. Heard on petitionees' motion to dismiss at the September Term, 1918, Orleans County, *Wilson, J.,* presiding. The motion was overruled, and the petitionees excepted. The case was then heard on the merits, and the Court ordered the children discharged from the custody of the petitioneees. The petitionees excepted. The opinion states the case.

*Williams & Smith* for the petitionees.

*Frank S. Rogers* for the petitioner.

SLACK, J.   Joseph St. Onge made application to the Orleans County Court for a writ of *habeas corpus* for the purpose of obtaining the custody of his minor children, Mary L. and Eugene, who it was alleged in the application were unlawfully imprisoned and restrained by their grandparents, Leander and Minnie Allen. The clerk of that court thereupon issued a writ of *habeas corpus,* substantially in the form prescribed by G. L. 7472, but did not take the recognizance required by G. L. 1707 in case of a writ of summons or attachment. The Allens appeared, and moved to dismiss the proceedings on the grounds that no security by way of recognizance had been taken; and, second, that the application was not sworn to before a

proper officer.  The second ground of the motion was expressly waived in the court below.  The court overruled the motion as it then stood, and the respondents were allowed an exception. The case was then heard on its merits and the court found that, although Joseph is financially poor, he is able to care for these children in a proper manner, and that he is a suitable person to have the custody of them; and it was ordered that they be discharged from the custody of the respondents, but that they be committed to the custody of the sheriff of Orleans County pending the disposition of the case by this Court.  The exception to the overruling of the motion presents the only question for consideration.

The respondents claim that this writ is a writ of summons within the meaning of G. L. 1707, and therefore could not legally issue without the security therein required.  This claim is not tenable.  *Habeas corpus* is a proceeding to determine, solely, the status of the person imprisoned or restrained.  *Re Barker*, 56 Vt. 1; *Simmons* v. *Georgia Iron, etc., Co.*, 117 Georgia 305, 43 S. E. 780, 61 L. R. A. 739.  Damages are not recoverable in proceedings of this nature.  This Court held in *Re Jacobs*, 87 Vt. 454, 89 Atl. 634, that the custodians of a relator in *habeas corpus* were not entitled to recover costs, although they prevailed and the relator was remanded to their custody, because the statute made no provision for costs.  It is only by force of the statute that costs are ever taxed and allowed.  *Re Jacobs, supra; Comstock's Admr.* v. *Jacobs*, 89 Vt. 510, 96 Atl. 4, and earlier cases.

The Legislature could not have intended the provisions of G. L. 1707 to include proceedings of this nature.  Such procedure could serve no purpose except to harass the party invoking this remedy.

*The judgment of the court below in overruling the motion, and in discharging Mary L. and Eugene from the custody of the respondents is affirmed.  It is ordered that the sheriff of Orleans County in whose custody Mary L. and Eugene now are, under order of the court below, deliver said Mary L. and Eugene forthwith to their father, Joseph St. Onge.*