GEORGE W. ROGERS *v.* CLARENCE E. WILEY.

October Term, 1934.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed January 2, 1935.

*Philip M. M. Phelps* for the plaintiff.

*Novak & Bloomer* for the defendant.

THOMPSON, J.  This is an action of tort for false imprisonment.  Trial by jury.  At the close of all the evidence the court directed a verdict for the defendant, to which the plaintiff saved an exception.

The defendant seeks to justify the imprisonment under a writ of possession issued as a *capias* for the recovery of costs. The defendant is a deputy sheriff, and the writ was delivered to him, as such sheriff, to serve and return.  The writ directed him to cause Asa S. Bloomer, agent, to have possession of certain real estate that had been sold to him on a property execution in favor of one Beatrice Mulvey and against the plaintiff in this cause.  He was also directed by the writ to collect one dollar for the writ, and his fees for serving the same, "and for want of goods, chattels or lands of the said George W. Rogers to be shown to you or found within your precinct to the acceptance of the said Asa A. Bloomer, agent, to satisfy such one dollar and your fees," to commit him to jail.

The defendant's return on the writ does not show clearly that he caused possession of the real estate to be delivered to Bloomer.  It does appear from the return that he demanded of the plaintiff the possession of the same and that he "pay the costs as set forth in said writ," and that, upon the refusal of

the plaintiff to pay such costs, he committed him to the keeper of Rutland county jail, where he remained until he was released on a writ of *habeas corpus.*

The plaintiff contends that there is no provision in the statute law providing that the debtor in a writ of possession shall pay for the cost of the writ and the fees of the officer for serving the same, and, therefore, the defendant had no legal authority to arrest him and commit to jail, and that his imprisonment was illegal. The plaintiff relies upon *Tenney* v. *Harvey*, 63 Vt. 520, 22 Atl. 659.

This identical question was raised and decided in that case. That was an action of trespass for false imprisonment. A writ of possession, issued as a *capias* for the recovery of costs, was delivered to the defendant Smith, a deputy sheriff, as such sheriff, to serve and return. The writ contained the same directions to him as the writ in the present case contained to the defendant. The plaintiff refused to pay the fee for the writ and for the services of the sheriff, and the latter arrested him and detained him until he paid the same.

Smith attempted to justify the imprisonment on the ground that the writ as issued was authorized by section 3 of No. 65, Acts of 1886, which provided that a writ of possession might issue to the purchaser of real estate sold on execution when the debtor did not redeem the same as specified in section 10 of No. 139, Acts of 1884. (The material parts of those acts are, by revision, now contained in P. L. 2274.)

This Court said in that case that, if the costs were not properly chargeable to the plaintiff, then the defendants were not justified in arresting and detaining him; that the act of 1886 did not provide for the payment of the cost of the writ and the officer's fees for serving the same; that they were unable to find any provision in the statute relating to costs that was applicable. It was held that the costs were not chargeable to the plaintiff, that the writ issued for costs without authority and that the arrest was illegal.

No provision of law providing for the payment of costs by a debtor on a writ of possession has been called to our attention in this case, and we know of no such provision.

All that is said in *Tenney* v. *Harvey* applies with equal force in the instant case. We hold, on the authority of that case, that the costs were not chargeable to the plaintiff; that the writ

issued for costs without authority; that the arrest and imprisonment of the plaintiff were illegal; and that the writ of possession affords the defendant no protection.

In view of our disposition of the case, it is not necessary to consider other questions which have been raised by the plaintiff.

*Judgment reversed, and cause remanded.*