

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable H. C. Petry, Jr.
County Attorney
Dimmit County
Carrizo Springs, Texas

Dear Sir:

Opinion No. O-6877

Re: If a juvenile employs
counsel, is it the duty
of the county attorney to
appear when requested by
the court and present the
evidence alleging said
child to be delinquent?
And related questions.

Your request for our opinion on the above questions
reads as follows:

"I would like to have an opinion from your
Department on the following questions.

"(1) Under the Juvenile Delinquency Act
where a child is found to be a delinquent child
after a Jury hearing and the Judge places him in
the custody of his parents until he reaches the
age of 21, and further orders that Court costs
that have accumulated be paid by the parent of
the child and/or the child; can such Court costs
be so assessed and what remedy is there if the
parent and/or child refuses to pay said Court
costs?

"(2) If said child employs counsel, is it
the duty of the County Attorney to appear when
requested by the Court and present the evidence
alleging said child to be a delinquent child?

"In examining Article 2338, Section 3, I find
that a separate court known as a Juvenile court is
created by the act and that the County Judge can
serve as Judge of the Juvenile court which is our
case in this county. I find that appeals shall be

taken to the Court of Civil Appeals, therefore, I
assume that the Juvenile Court is a Court of record,
and in view of the fact that appeals can be taken
and the Court is created, it is my opinion that
court costs can be assessed either against the delin-
quent child, his parents or guardian.

"I find in Section 7 of the above Article, that
it is the duty of the Judge, County Attorney or Proba-
tion Officer to make preliminary inquiry, and, if, in
their judgment, jurisdiction should be acquired, the
County Attorney shall prepare and file in the Court a
petition, or any Attorney may file said petition, but
the law specifically names the County Attorney, and
it would appear that in view of this duty being placed
upon him, it is his duty to appear and present the
evidence and testimony as alleged in the petition.  In
this connection it is my opinion that the County Attor-
ney does not have to sign the petition unless he desires
to do so, but the person alleging the facts to be true
can sign the petition.

"I find in Section 13-A that the Judge may order
the parent or other responsible person to pay such sum
as will in whole or in part support such child whether
committed to the custody of his own parent or other
person, agency or institution, and find further that
the court shall have full power to enforce such judg-
ment for support by civil contempt proceedings after
10 days notice to parent.  It is my belief from this
that it was the intention of the Legislature that the
Judge could also order costs of the hearing to be paid
by such parent or other person responsible for the care
and support of the child.

"I find in Section 21 of the above Article that
the Appellate Court may provide for a recognizance bond.
I find in the case of Steed v. State, 183 S. W. (2d)
458, that the proceedings are civil and not criminal
and hence rule of civil proceedings are applicable there-
to which would tend to show that court costs could be
assessed, and if court costs can be assessed, then the
question arises as to the amount of fee the county officers
would be entitled to.  For instance, the usual fee for a
County Court case to county attorney in a criminal case
is $10.00, however, there is no provision made
that I can find to renumerate our expenses for the
Sheriff who serves the notice, and the Judge who would
hear the evidence and the County Attorney who must pre-
sent the evidence, and this becomes an important thing
in a fee county as in this County.  Also in a jury case

the jurors who serve expect to be compensated and it is
my opinion that a charge for said jurors should be made.

"After reading the Juvenile Delinquency Act the
above questions came to mind and in view of the fact
that we recently concluded a trial here in which a
child was found guilty of being a delinquent by a
jury under a charge of rape, in view of the fact that
the Judge assessed costs against such parent of said
child and in further view of the fact that the attor-
ney for the child advised them not to pay costs
because there is no provision made under the act for
the costs, it is very important to know whether such
costs can be assessed against the parent or child or
whether the costs must be paid by the County, and if
so, can said costs be based in the same manner as a
lunacy or criminal case in County court, or civil case
in County court.

"It is difficult under the act to determine
if such costs are to be adjudged, what the amount of
such costs should be."

In the case of In Re Dendy, et al., 175 S. W. (2d) 297,
affirmed by the Supreme Court in 179 S. W. (2d) 269, the Amarillo
Court of Civil Appeals, in holding that Article 2338-1, Vernon's
Annotated Civil Statutes, known as the Juvenile Court Act, is
constitutional, held in part as follows:

"* * *

"The Act sets up a complete jurisdiction and
procedure for the hearing of juvenile delinquent
cases and there is no other law, civil or criminal,
to govern such cases and situations as defined by
the Act and placed within the exclusive jurisdic-
tion of the juvenile court provided for in this
Act. Nowhere does the Act provide that either
criminal or civil procedure shall be followed.
While Section 2 of the Act provides that the 'Act
shall be liberally construed,' it does not give the
trial court unlimited authority and power in pro-
cedure in such cases.

"* * *

"The Act in question provides for a jury trial
when a jury is demanded and authorizes the trial
court to order a jury on his own motion in such
cases. Nowhere does the Act provide for the pay-
ment of a jury fee and nowhere does it require the

trial court to follow civil procedure in demanding and impanelling a jury if and when a jury is demanded in such cases. * * *"

Said Article 2338-1 contains no provision relative to the payment of costs in a proceeding thereunder.

In passing upon a similar question our Opinion No. 0-5786, which we here adopt, held in part as follows:

"The right to costs as of course is purely statutory. Costs can be imposed and recovered only in cases where there is statutory authority therefor. Costs, 11 Texas Jurisprudence, 228, para. 2, note 17; Costs, 20 Corpus Juris Secundum, page 260, para. 2, note 34; U. S. Casualty Company vs. Hampton, (C. A.) 293 S. W. 260.

"Security for costs must be given in causes or proceedings falling within the requirement of controlling statutes, but they need not be given in causes or proceedings beyond the scope of such mandatory requirements, and under some provisions the matter will rest in the sound discretion of the Court. Costs, 20 C.J.S., 364, para. 126.

"It has been held that in the absence of a statutory provision costs cannot be awarded in a proceeding in the juvenile courts; Juvenile Courts and Offenders, 31 Am. Jr., 808, para. 45, note 9; Infants, 31 C. J. 1110, para. 24, note 39.

"In an annotation on 'What is an action within the statutes requiring security for costs,' 131 A.L.R. 1476, there is cited Koble v. People (1877), 85 Ill. 336, wherein it was held that a statute requiring of non-residents a bond for costs was not applicable in bastardy proceedings by the mother against the putative father to compel him to bear part of the burden of the support of the child.

"In the case of Pierce County vs. Magnuson, (1912) 70 Wash. 639, 127 Pac. 302, Ann. Cas. 1914b, page 889, the Supreme Court of Washington, in discussing the question of costs under the Juvenile Court Act of that State, said:

"'The juvenile court act makes no provision for the awarding or payment of costs, except the provision authorizing the publication of notice when the

person standing in the position of natural or legal guardian of the person of the alleged delinquent child is a non-resident, or the whereabouts of such person is unknown. In cases of such publication of notice, it is provided that the cost of such publication shall be paid by the county. Another section provides for the payment by the county of salaries to probation officers. Otherwise the act is silent on the question of fees and costs. The awarding and payment of costs is purely a matter of statutory regulation. The recovery of costs was unknown to the common law, and no provision could be made for their payment, except as expressly authorized by statute. This rule has been one of such universal application that it has become the simple doctrine of the court that costs are the creation of statutes merely, and that the allowance of them in any case would depend entirely upon the terms of some statute. It has also been held that there is no inherent power in the court to award costs, and that they can be granted in any case or proceeding solely by virtue of express statutory authority.'

"Continuing, the Supreme Court of the State of Washington, said:

"'The doctrine that costs cannot be awarded except as provided by statute, applies to criminal as well as civil cases. In this respect the character of the proceedings creates no distinction. In State v. Blackburn, 61 Ark. 407, 33 S. W. 529, where it was sought to charge the county with costs in a bastardy proceeding, the court, after laying down the rules that the liability of county for costs in criminal prosecutions rest alone on the statute, concludes by saying: "Our conclusion is that no one is bound for costs, unless rendered so by some positive provision of law, or as a necessary implication from provision of law; and that neither the state nor the county is bound even by legal provisions, unless it is specifically or by necessary implication named or referred to therein." This rule is supported by the following cases, and seems to be generally accepted as a true rule: . . .' (The court here cited numerous supporting decisions.)

It is our opinion, therefore, that no judgment for costs can be awarded against anyone in a proceeding under Article 2338-1.

Article 2338-1 also provides in part as follows:

"* * *

"Sec. 7. Any person may, and any peace officer shall, give to the Judge, County Attorney, or to the Probation Officer of the county, information in his possession that a child is within the provisions of this Act. Thereupon the Judge, the County Attorney or the Probation Officer shall make or have made, preliminary inquiry to determine whether the interests of the public or of the child require that further action be taken. If either the Judge or the County Attorney shall determine that formal jurisdiction should be acquired, the County Attorney shall prepare and file in the court, or any attorney may prepare and file in the court a petition alleging briefly the facts which bring said child within the provisions of this Act, . . .

"* * *

"Sec. 19. It is hereby made the duty of every county, town or municipal official or department, to render all assistance and cooperation within his or its jurisdictional power which may further the objects of this Act. . . ."

The Dendy case, 175 S. W. (2d) 297, above referred to, also holds as follows:

"The Act in question sets up a complete jurisdiction and procedure for hearing such cases and nowhere does it provide that either criminal or civil procedure shall be followed. It is our opinion that it contemplates a cooperative attempt upon the part of all the officers of the court in seeing that the best interest of the child is protected in such cases and that he is given every possible advantage for proper training for good citizenship."

It is our opinion that, under the above provision of said Juvenile Court Act and the last above quoted holding of the Court Civil Appeals, it is the duty of the county attorney to render all possible assistance in the handling of all cases filed under said Act. Such services must be performed, however, without compensation, as no provision is made in said Juvenile Court Act for the payment of fees to the county attorney.

34 Tex. Jur., Sec. 105, p. 508, states the rule as to the payment of fees to public officials as follows:

"Statutes prescribing fees for public officers are strictly construed; and hence a right to fees may not rest in implication. Where this right is left to construction, the language of the law must be construed in favor of the government. Where a statute is capable of two constructions, one of which would give an officer compensation for his services in addition to his salary and the other not, the latter construction should be adopted. It is no concern of an officer that the Legislature may have been toward other officers more liberal than toward him in the matter of compensation for services; nor does this fact justify the courts in upholding his claim for compensation for services as against a fair and reasonable interpretation of the statute. In applying these statutes and ascertaining the intent of the Legislature in the meaning of the statute, the usual methods and rules of interpretation are applicable."

34 Tex. Jur., Sec. 107, p. 511, is in part as follows:

"An officer may not claim or reach any money without a law authorizing him to do so, and clearly fixing the amount to which he is entitled."

As hereinabove set forth, no provision is made for the payment of a jury fee, yet said Act provides that any person interested in any such case may appear therein and demand a jury as in other cases, or that the Judge of the court, of his own motion, may order a jury to try such case.

Article 2123 of said statute provides as follows:

"The right to trial by jury shall remain inviolate, subject to the following rules and regulations."

One of the regulations following the above Article is that application shall be made in open court for a jury and certain fees be paid in the district and county courts, but no provision is made in the Juvenile Court Act for the payment of a jury fee, though a jury may be demanded or provided for, as above set forth. Article 2122 provides that a juror in a district or county court or county court at law shall receive certain compensation for his services, but there is no provision for the payment of a juror under the Juvenile Court Act; therefore, said jurors must serve without compensation.

For your further information, we enclose herewith copies of our Opinions Nos. 0-5602 and 0-6461.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  /s/ Jas. W. Bassett
Jas. W. Bassett
Assistant

APPROVED OCT 25 1945

/s/ Grover Sellers
Attorney General of Texas

JWB:LJ:B
encls.

APPROVED
OPINION
COMMITTEE

By BWB
Chairman