## Melba G. Gilbert v. Ray Churchill and Morris L. Cote

[ 252 A.2d 528 ]

February Term, 1969

Present: Holden, C.J., Shangraw, Barney, Keyser, JJ., and Larrow, Supr. J.

Opinion Filed February 2, 1969

*Davis, Martin & Free* for the Plaintiff.

*McKee & Clewley* for the Defendants.

**Shangraw, J.** This is a personal injury case arising out of a collision between two motor vehicles. The defendants pleaded general denial and contributory negligence. Under 12 V.S.A. §1024, contributory negligence is now an affirmative defense to be set forth and established by the defendant. At the opening of the trial the action was discontinued as to defendant Morris L. Cote. The case was tried in the Washington County Court at which time the jury returned a verdict in favor of defendant, Churchill, and judgment was entered thereon.

The question raised by the plaintiff's appeal is to the court's denial of her motion to set aside the verdict and grant a new trial.

The accident in question occurred on December 18, 1963 at approximately 2:30 in the afternoon at the so-called "Y" intersection of Routes 2 and 302 located between the City of Montpelier, Vermont and Barre, Vermont. The plaintiff was operating a Ford passenger automobile on Route 2 proceeding easterly from Montpelier toward East Montpelier. Defendant's truck had entered the intersection from Route 302 which leads from this point to Barre.

In approaching the intersection from Montpelier, Vermont there are three lanes of traffic on Route 2. The right hand lane is for traffic going towards Barre, and in using this lane, vehicles do not interfere with nor cross the path of traffic coming off Route 302. The middle lane is for traffic intending to cross the termination of Route 302 and continue on in the direction of East Montpelier. The third lane is for traffic proceeding in the opposite direction towards the City of Montpelier. A yellow line marks the division between the second and third lanes.

As the plaintiff approached the intersection, she drove her car from lane one into the center lane with the intention of proceeding towards East Montpelier. Prior to this change from lane one, plaintiff was traveling in line with two other motor vehicles, one in front and the other car directly in the rear of her automobile. After moving into lane two the car which had been behind her pulled abreast and alongside of plaintiff and continued in the Barre lane of traffic and to plaintiff's right side.

Plaintiff saw that the defendant's truck had stopped at the stop sign, and also noticed that the driver, Morris H. Cote, was then looking towards East Montpelier, at which time traffic was then approaching from that direction. The truck remained in plain view of the plaintiff. By reason of the reported illness of her daughter, plaintiff was in a hurry to reach her home in Woodbury, Vermont, and did not slacken the speed of her car, and continued at about 30 miles per hour. It was then snowing with some snow on the roadway. The highway was slippery.

Morris L. Cote, an employee of defendant, Churchill, was operating a three-ton truck with a platform body in a somewhat westerly direction on Route 302. The truck was owned by Churchill and then being used in his business. Entrance into the "Y" intersection from Route 302 is regulated by a stop sign. Cote stopped at this sign and looked in both directions. He observed traffic coming from East Montpelier, and also saw two cars in lane one coming from Montpelier with directional lights indicating the operators' intention to go to Barre. From his position he could plainly see about three to four hundred feet towards Montpelier.

After traffic from East Montpelier had passed, the truck then driven by Cote entered the intersection. It was not until the front wheels of the truck were approximately in the center of Route 2 did

he see the plaintiff's automobile, even though he had a better view from his cab than he would have had from a passenger car. He had no explanation for not previously seeing the plaintiff's automobile.

Just prior to the impact, and while traveling at about 30 miles per hour, plaintiff took her foot from the gas pedal and suddenly turned her automobile to the right to avoid a broadside collision. At this time the greater portion of the truck was on Route 2, with the front wheels past the yellow line marking the division between lanes two and three. Defendant's truck was struck by plaintiff's car in the vicinity of the left rear wheel. The force of the impact moved the rear of the defendant's truck to some extent. The Ford car was damaged and plaintiff sustained injuries.

At no time did the plaintiff seasonably move for a directed verdict. Following the charge the plaintiff excepted to submission for the jury's consideration the issue of contributory negligence, claiming that the evidence taken in the light most favorable to the defendant, failed to establish such fact. The jury retired at 12:16 P.M. and at 4:08 P.M. reported that they were unable to reach a verdict. Before retiring a second time for a further consideration of the case, plaintiff requested the court to instruct the jury that there was liability on the part of the defendant as a matter of law. This, in effect was a belated motion for a directed verdict in favor of the plaintiff on the issue of liability. This request was denied and a jury verdict resulted in favor of the defendant.

Before judgment the plaintiff filed a motion to set aside the verdict and to grant a new trial. In substance, it is therein claimed that the verdict is contrary to the evidence, contrary to law, contrary to the weight of the evidence and indicates that the jury misconceived or misapplied the applicable law to the evidence. Also, that the verdict was influenced by passion and prejudice.

It is also therein asserted that the negligence of Mr. Cote was the direct and proximate cause of the accident and that the jury misconceived and misapplied the instructions given by the trial court in this regard.

The thrust of plaintiff's claim of error in not having granted her motion to set aside the verdict is twofold. It is first urged that all the elements of actionable negligence on the part of the defendant are present. To this end, it is claimed that Mr. Cote's failure to see the plaintiff, when in fact she was within the range of his vision, and his

entrance into the intersection, was the proximate cause of the accident.

■ We are mindful of 23 V.S.A. §1034, which in part provides that "all intersecting highways shall be approached and entered slowly and with due care to avoid accident." The violation of a safety statute is evidence of negligence. Proof of attendant circumstances may, in a civil case, counterbalance or overcome the effect of such evidence. *Smith* v. *Grove,* 119 Vt. 106, 111, 119 A.2d 880.

■ The question of whether the violation of the safety statute and the acts of negligence on the part of the defendant, were the proximate cause of the accident, was one of fact for the jury. *Smith* v. *Blow & Cote, Inc.,* 124 Vt. 64, 67, 196 A.2d 489.

■ The defendant pleaded contributory negligence on the part of the plaintiff. To be a bar to recovery on this issue the plaintiff's negligence must have been a proximate cause of the accident. *Stevens* v. *Nurenburg,* 117 Vt. 525, 538, 97 A.2d 250. But negligence could not be imputed to the plaintiff if she was deceived by circumstances calculated to mislead a prudent person. *Manley* v. *Haus,* 113 Vt. 217, 223, 32 A.2d 668.

■ Secondly, it is the claim of the plaintiff that the only evidence bearing upon the issue of her contributory negligence was the fact that at time of the accident she was operating her motor vehicle at 30 MPH and did not attempt to slow down her car. The evidence reveals that plaintiff was in a hurry to get home. It was snowing and the highway slippery. Her view of the position of the defendant's truck while at rest, and before it entered Route 2, was apparently unobstructed and so continued until the impact of the two vehicles. At no time did she apply her brakes. From these undisputed facts of record, whether or not she then exercised due care so as to avoid the accident, presented a question upon which reasonable men might differ.

■ When this Court is called upon to review the trial court's disposition of a motion to set aside a verdict and grant a new trial, we are bound to accord to the ruling below all possible presumptive support, very like that the trial court should give to the verdict of the jury. *Grow* v. *Wolcott,* 123 Vt. 490, 494, 194 A.2d 403, citing *Towle* v. *St. Albans Publishing Co.,* 122 Vt. 134, 142, 165 A.2d 363. The presence or absence of defendant's negligence, as well as plaintiff's con-

tributory negligence, were factual issues for the jury's determination. These two issues were squarely and adequately presented to the jury by the court.

Verdicts are not lightly to be disregarded. It is the proper province of the jury to resolve the true facts. *Dashnow* v. *Myers,* 121 Vt. 273, 282, 155 A.2d 859. When evidence is such that different minds would fairly and reasonably come to different conclusions thereon, a trial court has no right to disturb the findings of the jury. *Russell* v. *Pilger,* 113 Vt. 537, 550, 551, 37 A.2d 403.

On appeal we must take the evidence in the light most favorable to the prevailing party, and the effort of modifying evidence must be excluded. *Smith* v. *Blow & Cote, Inc.,* 124 Vt. 64, 66, 196 A.2d 489.

The burden of showing that the court below has gone astray is on the party attacking the ruling. *Growe* v. *Wolcott, supra,* 123 Vt. p. 494, 194 A.2d 403. Plaintiff has failed to carry this burden.

*Judgment affirmed.*

**Holden, C.J.,** dissents.