### Virginia Furgat v. James L. Brooks

[272 A.2d 125]

No. 78-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 1, 1970

*Divoll & Buckley,* Bellows Falls, for Plaintiff.

*Edward A. John* and *Ralph Chapman,* Brattleboro, on the brief, for Defendant.

**Smith, J.** This appeal involves an automobile negligence action, involving a rear end collision in which the vehicle of the defendant struck the side of the vehicle driven and owned by the plaintiff. A jury trial resulted in a verdict for the defendant. The only question presented in the appeal of the plaintiff to this Court is a claim of error on the part of the trial court in denying a motion to set aside the verdict of the jury and grant the plaintiff a new trial.

The accident, which is the subject of this suit, occurred in the City of Rutland, on March 15, 1967. The factual situation, viewed in the light most favorable to the defendant, who was the prevailing party below, disclosed the following circumstances. At about 8:30 P.M. in the evening of that day, both plaintiff and defendant were headed south on Route 7 in the City of Rutland, heading down a long hill on South Main Street, so-called. The road was slippery and both parties were travelling at speeds of approximately twenty miles per hour, with the defendant some sixty feet behind the car of the plaintiff.

The plaintiff intended to turn into a used car lot toward the bottom of the hill and about fourteen hundred feet from the start of the decline. This lot was located on the west side of the highway and to the right of the plaintiff's direction of travel. Plaintiff applied her brakes on nearing the entrance to the car lot, and turned her car to the right, but came to a

stop when partially up the ramp leading to the lot, leaving some fourteen feet of her car extending into the west side of the highway down which the car of the defendant was proceeding. She did not use her directional lights.

The defendant, upon seeing the brake lights on the vehicle of the plaintiff, applied his brakes in an effort to stop but his car skidded and he collided with the rear bumper of the vehicle driven by the plaintiff. At that time the highway upon which the accident happened was a two-lane highway, with the total paved portion of the highway forty-four feet in width. Parking was allowed on both sides of such highway at the time, and the defendant testified at the time he applied his brakes there was traffic coming on the opposite side of the highway in the opposite direction.

The defendant, in his answer to the complaint of the plaintiff, alleged that her contributory negligence was the proximate cause of the accident and resulting damage. No exceptions were taken to the lower court's instruction to the jury, and the plaintiff made no motion for a verdict to be directed in her favor before verdict.

After the rendition of the jury verdict, the plaintiff moved to set aside the verdict, and to be granted a new trial, on the grounds that (1) the verdict was contrary to law; (2) that the verdict was contrary to the evidence, and (3) that the evidence was insufficient to support the verdict.

■ In passing upon the ruling of the trial court denying the motion to set aside the verdict and grant her a new trial, we are bound to give to such ruling all possible presumptive support. *Gilbert* v. *Churchill and Cota,* 127 Vt. 457, 461, 252 A.2d 528 (1969). In this connection we note that the failure of the plaintiff to move for a verdict directed in her favor before the submission of the case to the jury in practical effect admitted that factual questions existed in the case for jury determination. *Gilbert* v. *Churchill and Cota, supra,* 127 Vt. at 460; *Shurtleff et al.* v. *Udall,* 97 Vt. 156, 164, 122 A. 465 (1923).

■ In ruling upon the first ground of plaintiff's motion, the court held that the evidence, viewed in the light most favorable to the defendant, tended to support a defendant's verdict. We find no error in this ruling, for, in view of the

evidence above cited, reasonable minds might well have differed on whether the defendant was guilty of actionable negligence. On the matter of contributory negligence, upon which the defendant bore the burden of proof, the evidence relative to the failure of the plaintiff to use her directional lights while making a turn, and the fact that her car had been stopped so that it protruded fourteen feet in the line of direction of defendant's travel on the west side of the highway as well as the evidence that traffic was approaching in the east lane of the highway, was sufficient to sustain the burden of the defendant on his defense of contributory negligence. We find no error.

The last two grounds of the motion of the plaintiff we think, can be fairly said to be on the same ground; that the verdict was contrary to the evidence. While the plaintiff asserts that the jury disregarded the testimony or the charge of the trial court, such assertions are not given validity by the record before us, nor by the arguments put forward in the brief of the plaintiff.

We agree with the plaintiff that 23 V.S.A. § 1044, stopping and parking on curve, hill or highway has no application to the case before us because the accident with which we are concerned happened in the City of Rutland, where local traffic ordinances and regulation would govern, rather than the law applicable to state highways. However, 23 V.S.A. § 1046,

> "The operator of a motor vehicle, before changing his direction or materially slackening his speed, shall give warning of his intention with the hand signals as provided in section 1052 of this title, or with a mechanical or lighting device approved by the commissioner of motor vehicles",

did apply. Violation of this statute makes a *prima facie* case of negligence and gives rise to a rebuttable presumption of negligence. *Smith* v. *Grove*, 119 Vt. 106, 111–12, 119 A.2d 880 (1956).

Plaintiff has also argued here that the defendant had the last clear chance to avoid the accident, although such grounds were not advanced below. But the doctrine of last

clear chance must be pleaded as an affirmative defense to an action, and such pleading did not appear in the complaint of the plaintiff. See *Wright* v. *Nasal,* 129 Vt. 66, 271 A.2d 833 (1970).

Plaintiff, by making no motion for a directed verdict, must have in effect conceded that the factual questions involved needed jury determination. By so doing, in the absence of error in the instructions given the jury by the court, she was bound by the determination of the jury.

> "Verdicts are not lightly to be disregarded. It is the proper province of the jury to resolve the true facts. (Citation omitted.) When evidence is such that different minds would fairly and reasonably come to different conclusions thereon, a trial court has no right to disturb the findings of the jury." *Gilbert* v. *Churchill and Cota, supra,* 127 Vt. at 462.

*Judgment affirmed.*