# Mildred Beck v. Francis Dutra & Mildred Dutra

[285 A.2d 732]

No. 6-71

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 7, 1971

616

■■■■■■■■■■

■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■

■■ ■■■■

*Downs, Rachlin & Martin,* St. Johnsbury, for Plaintiff.

*W. Edson McKee,* Montpelier, for Defendants.

**Keyser, J.** The defendants appealed from the verdict and judgment in favor of the plaintiff on two grounds, (1) failure of the court to grant their motion for a directed verdict and (2) failure of the court to charge assumption of the risk.

■■ Defendants' motion for a directed verdict cannot properly be granted if there is evidence fairly and reasonably tending to support the verdict. *State* v. *Shuttle,* 126 Vt. 379, 383, 230 A.2d 794 (1967). The tendency of the evidence, not its weight, is to be considered and contradictions and contrary inferences are for the jury to resolve. *Valente, Gdn.* v. *Comm. Ins. Co.,* 126 Vt. 455, 457, 236 A.2d 241 (1967).

Taking the evidence in the light most favorable to the plaintiff and excluding any modifying evidence, as we must, the following factual situation was before the jury.

The plaintiff, a lady 74 years old, had private living quarters in the residence owned by her daughter and son-in-law. She had rented her apartment since March 1959, when they bought the house and paid them fifty dollars a month rent. Plaintiff's access to her apartment was by the front porch steps which were also used by tenants residing in an upstairs apartment. The stairway consisted of five or six narrow, wooden steps "at a slope" and "very awkward to go up." The two bottom steps of the stairway were defective by being in a warped condition and tilted backward at an odd angle toward the porch. The plaintiff had spoken to the defendants on several occasions as to the necessity of installing handrails on the steps for her use in safely negotiating the entrance. The defendants knew that such safeguards should be installed but neglected to do so.

On August 14, 1968, the plaintiff, while descending the steps, tripped or caught her heel, lost her balance and fell to the ground suffering serious injuries.

There is no dispute but that the relationship of landlord-tenant existed between the parties. The defendants, as landlords, had the duty to exercise reasonable care to maintain entrances and passageways retained in their control for the common use of their tenants. *Smith* v. *Monmaney*, 127 Vt. 585, 588, 255 A.2d 674 (1969).

Although the absence of a handrail, alone, will not constitute actionable negligence, *Dooley* v. *Economy Store, Inc.*, 109 Vt. 138, 141, 194 A. 375 (1937), the mere lack of a handrail is not the situation here nor the sole basis of plaintiff's claim of negligence. There were other factors in the proof which were capable of taking the case to the jury on the issue of negligence. It was for the jury to say whether the defendants exercised due care considering the circumstances of the condition of the stairway and its admitted defect, the lack and necessity of a handrail which plaintiff had repeatedly requested for her safety due to her advanced age and physical condition, and the testimony of Mrs. Dutra that "it was one of those things that never got done."

The defendants' motion for a directed verdict was properly overruled.

The defendants claim their affirmative defense of assumption of risk was an issue in the case and the court erred in failing to charge the jury in this respect. The burden of proof on this defense rested on the defendants. 12 V.S.A. § 1024.

The assumption of risk doctrine has no application unless there is knowledge of the existence of the risk, together with an appreciation of the extent of the danger. One cannot assume a risk unless one knows about it, appreciates it, and consents to assume it. *Killary* v. *Chamber of Commerce*, 123 Vt. 256, 262–263, 186 A.2d 170 (1962). Mere knowledge of the risk does not necessarily involve consent to the risk. The circumstances must be such as to warrant the inference that

the plaintiff encountered the risk freely and voluntarily with full knowledge of the nature and extent thereof. *Ibid.*

It is apparent that the defendants' contention is founded on the fact that the plaintiff used the stairway having knowledge of its defect.

Clearly, the plaintiff felt there was ever present a possibility of injury, otherwise, she would not have made numerous requests for a handrail to be placed on the stairway. We find no evidence, and none is pointed out to us, which establishes that the plaintiff either appreciated or comprehended that her use of the stairway would, in all probability, result in her injury. The testimony of the plaintiff shows only that she apprehended a possible danger in the use of the stairway provided by the defendants for her and the upstairs tenants. On the question of voluntary assumption, Restatement (Second) of Torts § 496E (1965), states:

> "§ 496E. Necessity of Voluntary Assumption
>
> (1) A plaintiff does not assume a risk of harm unless he voluntarily accepts the risk.
>
> (2) The plaintiff's acceptance of a risk is not voluntary if the defendant's tortious conduct has left him no reasonable alternative course of conduct in order to
>
> (a) avert harm to himself or another, or
>
> (b) exercise or protect a right or privilege of which the defendant has no right to deprive him."

The plaintiff had no other choice but to use the stairway provided by the landlords. It was a necessitous action on her part and not a deliberate act involving a voluntary choice within the meaning of the doctrine.

Even when a danger is fully known and comprehended a plaintiff is not barred from recovery simply because he chooses deliberately to encounter it where a tenant uses a common approach, hall or elevator which has remained under the control of the landlord with the duty of safe maintenance. See 2 F. Harper & F. James, The Law of Torts § 21.1 (1956); *Roman* v. *King*, 289 Mo. 641, 233 S.W. 161, 164–165 (1921).

Under the circumstances of this case it cannot be said that the evidence justified an inference that the plaintiff

consented to the risk. The factors present do not bring plaintiff's conduct within the concept of assumption of risk and thus it does not constitute a defense as claimed by defendant. The exception is without merit.

*Judgment affirmed.*