# Arlie Johnson, Admx. Estate of Eugene C. Davis v. Harriet Fisher and Village of Lyndonville

[306 A.2d 696]

No. 58-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed June 5, 1973

Alan W. Cook, Esq., of Richard E. Davis Associates, Barre, for Plaintiff.

Downs, Rachlin & Martin, St. Johnsbury, for Harriet Fisher.

Karen McAndrew, Esq., of Dinse, Allen & Erdmann, Burlington, for Village of Lyndonville.

**Keyser, J.** This is a suit founded on negligence. Each defendant filed a motion for summary judgment. Defendant Fisher's motion was on the alternative for judgment on the pleadings without supporting affidavits. The ground of her motion was "that a fireman assumes, as a matter of law, the risk of injury or death from the instrumentality which results in his being called to render assistance in his official capacity."

Defendant Village of Lyndonville (hereinafter called Village) supported its motion with an affidavit of a trustee of the Village. It was therein stated that the plaintiff's decedent was a volunteer fireman, that the trustees of the Village had voted to obtain Workmen's Compensation Insurance to cover all employees of the Village including volunteer firemen; that such a policy of insurance had been purchased; that a report of decedent's injury was filed with the Commissioner of Industrial Relations; and, upon information and belief, that the plaintiff had made a claim against the Workmen's Compensation carrier.

The court, after hearing the motions, found that there was no genuine issue in this case as to the material facts involved and dismissed the action as to each defendant under V.R.C.P. 56.

The court concluded as to the Village that because the plaintiff's decedent, Eugene Davis, was a volunteer fireman, and that, as such, being covered by the provisions of the Workmen's Compensation Law, recovery by plaintiff was barred by 21 V.S.A. § 622 against the defendant Village. The ground of the dismissal of defendant Fisher was that as a volunteer

fireman Davis, the decedent, assumed the risk of his employment.

The plaintiff appealed to this Court from the judgment order dismissing her action.

■ Paragraph 6 of defendant Village's affidavit is made "on information and belief", not on "personal knowledge" as required by V.R.C.P. 56(e). See Reporter's Notes at p. 159. That paragraph related to a claim against the Workmen's Compensation carrier being made by plaintiff. The facts recited in paragraph 6 of the affidavit are not for consideration for lack of a compliance with the rule. See *Automatic Radio Mfg. Co.* v. *Hazeltine Research,* 339 U.S. 827 (1950); 3 W. Barron & A. Holtzoff, Federal Practice and Procedure § 1237 (1958).

The complaint alleges the following facts. Defendant Village owns and operates an electrical power transmission system with its essential components in the Town of Lyndon including a line along town highway 36. Defendant Fisher owned land and premises situated adjacent to the power transmission line of the Village. There was a tree on her land having rotted branches extending over the transmission line. On April 25, 1969, the branches broke from the tree, struck the power line causing it to break and fall onto the ground. This started a fire and the Lyndonville volunteer fire department was called, Davis being one of the firemen who responded to the call. Upon arrival at the area he came in contact with the electric current being emitted from the severed transmission line lying on the ground but not discovered or discoverable by him. As a result he was electrocuted. He died leaving a wife and two children surviving him. It was for their benefit that this action was brought under the wrongful death statute, 14 V.S.A. § 1492.

The plaintiff alleged that both defendants were negligent in failing to remove the rotted limbs and branches from the tree over the transmission line. It is also alleged the Village failed to exercise due and reasonable care in the inspection, maintenance and operation of its transmission line so as not to cause injury or damage to the deceased. These allegations were traversed by the answer of defendant Village which raised a question of fact.

Defendant Fisher's answer admitted: (1) ownership of the land adjacent to the power transmission line; (2) the fall of the limbs and branches and consequent contact with the power line; (3) plaintiff's intestate (Davis) was a volunteer fireman of the Village's volunteer fire department and was called to the area to put out a fire following the severance of the power line; and (4) Davis came in contact with the severed power line lying on the ground but denied it was not discovered or discoverable by him. Defendant Fisher also alleged Davis assumed the risk of injury or death and negligently contributed to his death by failing to wear proper insulated footwear when he knew or ought to have known that he was in close proximity to an exposed source of electricity on the ground.

The basis of defendant Fisher's motion and the judgment of the court dismissing the action as to her was that as a fireman, Davis, as a matter of law, assumed the risk. In pleading this defense defendant Fisher "shall affirmatively set forth and establish" it as required by V.R.C.P. 8. The burden of proof rested on this defendant.

The assumption of risk doctrine has no application unless there is knowledge of the existence of the risk, together with an appreciation of the extent of the danger. One cannot assume a risk unless one knows about it, appreciates it, and consents to assume it. *Beck* v. *Dutra*, 129 Vt. 615, 617, 285 A.2d 732 (1971); *Garafano* v. *Neshobe Beach Club*, 126 Vt. 566, 574, 238 A.2d 70 (1967).

Mere knowledge of the risk does not necessarily involve consent to the risk. The circumstances must be such as to warrant the inference that the plaintiff's decedent encountered the risk freely and voluntarily with full knowledge of the nature and extent thereof. *Beck* v. *Dutra, supra,* 129 Vt. at 617–18.

The application of the doctrine of assumption of risk cannot be made except on an adequate state of facts. Here vital facts are lacking to support a summary judgment based on the fact that Davis assumed the risk as a matter of law. There is no showing that the decedent had knowledge of the

existence of the risk involved, or that he appreciated it, and consented to assume the risk. It does not appear whether the fire was a building, grass or brush fire, whether a hidden danger existed, and whether the decedent had knowledge of the cause of the fire and that a live power line was in the area. In other words, facts are lacking as to just what the circumstances were surrounding the electrocution of the decedent. Facts are lacking also as to whether the defendant was on the premises and whether culpability existed on her part in failing to exercise an opportunity to warn of the danger.

The facts presented by the record do not justify the assertion that the defense was available as a matter of law. It was error for the court to hold, as a matter of law, that the decedent assumed the risk within the doctrine stated supra. The question was one for resolution by the jury under proper instructions of the court. *Berry* v. *Whitney*, 125 Vt. 383, 387, 217 A.2d 41 (1965).

Defendant Village argues that the summary judgment in its favor should be affirmed as decedent Davis had only the rights and remedies granted by the Workmen's Compensation Law on the premise that he was an "employee" as defined by 21 V.S.A. § 626(a). The facts established by the affidavit of the village trustee were that plaintiff's intestate was a volunteer fireman; that in 1965 the village trustees voted to obtain Workmen's Compensation for all of its employees including volunteer firemen; that volunteer firemen were paid at an hourly rate for weekend standby service, attending monthly meetings and fighting fire; and that the trustees purchased a policy of Workmen's Compensation coverage for the year 1969.

In ruling on defendant's motion the court stated the affidavit of the Village established that decedent was acting as a volunteer fireman and "that, as such, he was covered by the provisions of the Vermont Workmen's Compensation Law; and recovery in this action is barred by 21 V.S.A. § 622." This statute reads:

> "The rights and remedies granted by the provisions of this chapter to an employee on account of a personal injury for which he is entitled to compensation under

the provisions of this chapter shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise on account of such injury."

Plaintiff's contention is that the decedent was not at the time of his death an "employee" of the Village within the definition of 21 V.S.A. § 626(a)..

"Employees" as defined by 21 V.S.A. § 626(a) provides:

"The provisions of this chapter shall apply to employees in the state department of highways and to employees employed by the state buildings division, other than office employees, and to employees other than officials, except in the case of road commissioners or selectmen as provided in subdivision (12) of section 601 of this title, as hereinbefore defined of towns, town school districts, incorporated school districts, incorporated villages and fire districts. Volunteer reserve police officers of towns and incorporated villages, while acting in line of duty, are employees, notwithstanding the provisions of subdivision (14) of section 601 of this title, when the selectmen or trustees so vote. Policemen, firemen, and others entitled to pensions shall be deemed employees within the meaning of this chapter. The provisions of this chapter shall not apply unless and until the governing officials of such municipal body so vote."

Policemen and firemen have generally been held not to be "employees", "workmen" or "laborers" within the meaning and operation of those terms as used in compensation acts, and, therefore, not within the coverage of such an act in the absence of any provision requiring their inclusion, although a contrary conclusion has been reached in some cases. 58 Am.Jur. *Workmen's Compensation* § 154.

The Workmen's Compensation Law was originally enacted at the 1915 session of legislature as Act No. 164. Section 5 thereof then provided in part that "Policemen, firemen, and others entitled to pensions shall be deemed employees within the meaning of this chapter." This provision of § 5 has

remained in the same language without variance and still appears in 21 V.S.A. § 626(a), quoted *supra*, even though its original version has been otherwise amended by the legislature on several occasions since 1915.

The words "volunteer firemen" first appeared in the workmen's compensation statutes by the passage of No. 174, Acts of 1937. This amended P.L. 6529 relating to "Compensation of wages" by adding the phrase "The average weekly wage of a volunteer fireman shall be his average weekly wage in his regular employment or vocation." No. 29, § 2, Acts of 1959, further amended the statute (then § 8104, Revision of 1947) by adding the words "or volunteer reserve police officers" after the words "volunteer fireman."

At the same time § 1 of No. 29 amended § 8080, Revision of 1947 (now 21 V.S.A. § 626), by adding the following—"Volunteer reserve police officers of towns and incorporated villages, while acting in the line of duty, are employees, notwithstanding the provisions of subdivision II of section 8054 of the Vermont Statutes, Revision of 1947, as amended, when the selectmen or trustees so vote." Section 8054, Revision of 1947, is now 21 V.S.A. § 601, quoted *infra*.

The language used in the amendment, § 1 of No. 29, Acts of 1959, did not include volunteer firemen within the definition of "employee." It referred only to "volunteer reserve police officers." This provision now appears precisely the same in 21 V.S.A. § 626(a). Section 626(a), 21 V.S.A., explicitly provides that it is firemen and others entitled to pensions who shall be deemed employees. Whether the decedent was entitled to pension presents a factual question as defendant Village concedes in its brief. Defendant's affidavit is silent as to this subject matter.

The provisions of 21 V.S.A. § 601, relating to "definitions," applicable here reads as follows:

> "(11)(A) 'Personal injury by accident arising out of and in the course of such employment' includes an injury caused by the wilful act of a third person directed against an employee because of his employment; it also includes, in the case of fire fighter, disability or death from a heart injury or disease incurred or aggravated and proximately

caused by service in the line of duty but does not include other disease unless it results from the injury;

(B) 'Line of duty', as applied to fire fighters shall mean:

(i) Service as a fireman in his town or district, in answer to a call of his department, including but not limited to going to and returning from a fire or participating in a fire drill, parade, test or trial of any fire-fighting equipment,

(ii) Similar service as a fireman in another town or district to which his department has been called for fire-fighting purposes, and

(iii) Service under orders of any fire department officer in any other emergency to which his department is called in the town or district where his department is established;"

This provision essentially limits personal injury of a fire fighter to "disability or death from a heart injury or disease incurred or aggravated and proximately caused by service in the line of duty." Whether or not the statute is applicable is also a question of fact.

The defendant's affidavit affirms that the Village maintained a policy of Workmen's Compensation coverage from the Travelers Insurance Company effective during 1969. This admission is not binding on Travelers since it is not a party to this action.

No agreement or concession by Travelers appears in the record to establish whether its policy covered the decedent, particularly in the extra hazardous situation which existed. Neither are there any facts to demonstrate what its position is respecting liability, and whether it takes a position contrary to that of the Village.

Until all these facts are before the court there can be no binding judgment on either the Village or the insurance company by this Court or the trial court.

Furthermore, facts are lacking in the record to establish whether the decedent was a volunteer fireman in the fire de-

partment of the Village or of an established fire district within the Village.

Section 626(a) mandates that the provisions of Chapter 9 (Workmen's Compensation Act) shall not apply unless and until the governing officials of such municipal body so vote. The pleadings and affidavit do not establish whether the Trustees of the Village constituted "the governing officials" of a fire department, if one existed, under the control and management of the Village's trustees or of an established fire district within the village. See 20 V.S.A. §§ 2481–2678.

■ The record as to defendant Village establishes that triable issues of fact proper for disposition in a trial are present in the case which cannot be adjudicated in a summary judgment hearing. Disposition of the case below by a summary judgment was error. See *Fonda* v. *Fay*, 131 Vt. 421, 306 A.2d 97 (1973).

The circumstances in this case require a reversal of the judgment and a remand for trial with the opportunity to cite in Travelers Insurance Company as a party defendant.

*Judgment reversed and cause remanded; Travelers Insurance Company to be cited in as a party defendant within thirty days if the plaintiff be so advised.*