## James Merrill, et al. v. Robert D. Reville, M.D.

[380 A.2d 96]

No. 88-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed November 3, 1977

*John J. Welch, Jr.*, Rutland, for Plaintiffs.

*Robinson E. Keyes* of *Ryan, Smith, & Carbine, Ltd.*, Rutland, for Defendant.

**Daley, J.** On October 21, 1974, approximately three years after the death of his wife, the plaintiff individually and in the capacity as administrator of her estate brought a civil action alleging that her death was caused by the negligence of the defendant. The complaint sought to recover damages under the provisions of our wrongful death statute, 14 V.S.A. § 1491, and for bodily hurt caused by the act or default of another, a survival action authorized by 14 V.S.A. §§ 1452, 1453. The defendant denied the allegations of negligence and moved to dismiss on the ground that the action was barred by 14 V.S.A. § 1492 which requires a wrongful death action to be commenced within two years from the death of plaintiff's intestate and by 12 V.S.A. § 557 which provides that a survival action may be commenced by an administrator within two years after the issuance of letters of administration and not thereafter. It is undisputed that plaintiff was appointed administrator of the estate of his wife on November 16, 1971.

The plaintiff then amended his complaint alleging that he had been prevented from instituting suit by the defendant's fraudulent concealment of the cause of action and invoked the provisions of 12 V.S.A. § 555, which states:

> When a person entitled to bring a personal action is prevented from so doing by the fraudulent concealment of the cause of such action by the person against whom it lies, the period prior to the discovery of such cause of action shall be excluded in determining the time limited for the commencement thereof.

The defendant's motion to dismiss was denied, and the cause was heard by jury upon all issues raised by the pleadings. The jury returned a general verdict in favor of the defendant and

answered in the negative the following interrogatory submitted to it by the court without objection:

> Did the defendant, Dr. Roger Reville, conceal or fail to disclose to the plaintiff James Merrill a material fact or material facts relating to the probable causes of his wife's death?

Following the verdict, the plaintiff moved the court to set aside the verdict and grant a new trial on the following grounds: (1) the verdict was contrary to the evidence; (2) the verdict was contrary to the weight of the evidence; (3) there was no substantive evidence to sustain the verdict; (4) the verdict appears to have been given under the influence of speculation and prejudice. From the denial of this motion the plaintiff appeals.

■ The plaintiff's motion sets forth grounds properly addressed to the discretion of the trial court whose action thereon cannot be disturbed in the absence of abuse. *Weeks* v. *Burnor*, 132 Vt. 603, 606, 326 A.2d 138 (1974). In contrast, the plaintiff on appeal contends that the verdict was without evidentiary support, which is to say that the verdict should have been in his favor as a matter of law rather than as a matter of discretion. *Laferriere* v. *Saliba*, 119 Vt. 25, 30, 117 A.2d 380 (1955). For this reason, he seeks a reversal and a new trial. However, the plaintiff cannot now raise, as a question of law, the sufficiency of the evidence since he failed to move for directed verdict at any time during trial. Under V.R.C.P. 50(b), that failure precluded plaintiff from moving for judgment n.o.v. *Houghton* v. *Leinwohl*, 135 Vt. 380, 376 A.2d 733, 735 (1977).

■ At the close of the plaintiff's evidence upon the issue of fraudulent concealment, the defendent moved for a directed verdict. The plaintiff opposed this motion on the ground that the evidence presented a factual question for determination by the jury. In *Laferriere, supra,* 119 Vt. at 32-33, this Court stated:

> A party who has conducted his case upon the theory that the evidence has made a case for the jury and has permitted it to be submitted upon that theory, without objection, cannot, at least as a matter of right, avail

himself, by a motion to set aside the adverse verdict, of a claim that such verdict is without evidentiary support and should as a matter of law have been in his favor. *Skoll* v. *Cushman*, 111 Vt. 160, 164, 13 A.2d 180.

By not moving for directed verdict, the plaintiff conceded that the factual questions involved in the application of 12 V.S.A. § 555 presented a jury question. Therefore, in the absence of error in the instructions given the jury by the court, he was bound by the determination of the jury. *Furgat* v. *Brooks*, 129 Vt. 98, 102, 272 A.2d 125 (1970); *Nauceder* v. *Howard*, 127 Vt. 274, 278, 247 A.2d 76 (1968); *Stoneking* v. *Orleans Village*, 127 Vt. 161, 166, 243 A.2d 763 (1968).

Having alleged an exception to the statute of limitations, the plaintiff acquired the burden of proof upon the issue. *Estate of Delligan*, 111 Vt. 227, 237, 13 A.2d 282 (1940). In order to save the plaintiff's causes of action, there must have been both concealment and a fraudulent design to prevent discovery of facts giving rise to an action. *Id.* at 236-37; see also *Watts* v. *Mulliken's Estate*, 95 Vt. 335, 340, 115 A. 150 (1921). This Court had occasion to pass upon the question of fraudulent concealment in a medical malpractice action, *Murray* v. *Allen*, 103 Vt. 373, 378, 154 A. 678 (1931). There the Court held that the defendant must have actual knowledge of a fact before he can be charged with an intent or design to conceal it from the plaintiff. The plaintiff here introduced evidence tending to show that his wife had submitted to elective surgery performed by the defendant for the removal of her gallbladder. At the time she underwent surgery, she had been taking a contraceptive pill, Ovral, a fact known to the defendant. On November 3, 1971, she deceased as a result of a pulmonary embolus or blood clot in the lung, also referred to in the evidence as a "thrown clot." Immediately following her death, the defendant informed the plaintiff that, in his opinion, the cause of death was a blood clot in the lung, massive pulmonary embolus, and said nothing further. This cause was later substantiated by autopsy. The plaintiff claimed that defendant both knew or should have known that Ovral caused the blood clot and concealed that fact with fraudulent intent.

There was extensive but not undisputed evidence before the jury of the causal relationship between Ovral and post-

operative blood clots. The defendant introduced evidence tending to show that he did not know as a medical fact that the contraceptive pill caused clots to form in the body, that he had no such knowledge when he performed the surgery, and furthermore that he was not familiar with any references in the Physician's Desk Reference (P.D.R.) indicating a causal relationship between the pill and blood clots. The defendant also denied that he concealed any other facts material to plaintiff's cause of action.

The trial court by instructions, to which no objection was taken, properly charged the jury in accordance with the law set forth in *Murray* v. *Allen, supra,* 103 Vt. at 378. It was then for the jury to determine whether the defendant had actual knowledge of the fact that Ovral caused blood clots and then concealed this fact from the plaintiff. The credibility of the witnesses, the weight to be given their testimony, and the resolution of conflicting testimony are matters particularly within the province of the jury. *Beck* v. *Dutra,* 129 Vt. 615, 616, 285 A.2d 732 (1971); *Capital Candy Co.* v. *City of Montpelier,* 127 Vt. 357, 359, 249 A.2d 644 (1968). We must also assume the jury followed the court's instructions. *State* v. *Fisher,* 134 Vt. 339, 341, 360 A.2d 102 (1976). It is evident from the jury's interrogatory and general verdict that it found the defendant did not have actual knowledge of the facts necessary to plaintiff's cause of action and therefore could not have fraudulently concealed them. In the absence of fraudulent concealment, plaintiff's cause of action is necessarily barred.

■ The plaintiff, contending that the undisputed evidence was contrary to the verdict, a premise with which we disagree, asks us to set aside the verdict and grant him a new trial to correct a claimed injustice of the trial court in its denial of his post-verdict motion. This has been our practice when the circumstances warrant it. *Lattrell* v. *Swain,* 127 Vt. 33, 41, 239 A.2d 195 (1968). Our search of the record discloses nothing which would require the verdict to be set aside on this ground. Since there has been no showing that the trial court abused its discretion in denying plaintiff's motion to set aside the verdict and award a new trial or that it exercised its discretion for

inappropriate or improper reasons, we are bound to uphold the ruling of the trial court. *Id.; Dashnow* v. *Myers*, 121 Vt. 273, 283, 155 A.2d 859 (1959).

*Judgment affirmed.*