# Victor Ianelli, Janet Ianelli, Angeline Ianelli and Salvatore Ianelli v. Phoebe Standish

[592 A.2d 901]

No. 87-016

Present: Allen, C.J., Peck, Gibson and Dooley, JJ.

Opinion Filed April 26, 1991

*Keyser, Crowley, Banse & Facey*, Rutland, for Plaintiffs-Appellants.

*Wright & Reeves*, Woodstock, for Defendant-Appellee.

**Peck, J.** Plaintiffs appeal from a jury verdict awarding them no damages in connection with their purchase of real estate and from a judgment order awarding defendant Pheobe Standish attorneys' fees and costs. Plaintiffs alleged that the purchase was induced by a series of misrepresentations. We remand for assessment of expert witness fees in conformity with this opinion and affirm on all other grounds.

On appeal plaintiffs claim that: (1) defendant should have been precluded from relitigating the issue of misrepresentation, which was decided in favor of plaintiffs in a prior proceeding; (2) the award of attorneys' fees was unauthorized and, in any event, the issue should have been submitted to a jury; and (3) the costs awarded by the court were excessive.

Plaintiffs originally brought an action for fraud against defendant Standish, from whom plaintiffs purchased a duplex, and the broker, Burton Deitch, who negotiated the transaction. The jury found Deitch liable to plaintiffs in the amount of $10,000 in compensatory damages and $2,500 in punitive damages. However, the jury found for defendant Standish. Subsequently, the court granted plaintiffs' motion for a new trial with respect to Standish on the ground that its charge failed to clearly instruct the jury that it should find her liable if it found fraud on the part of the broker and that she retained the fruit of the fraud.

At the new trial, plaintiffs moved for summary judgment alleging that defendant Standish was precluded from relitigating the issue of fraud on the part of the broker and that she did not contest that she retained the fruit of the fraud, in this case plaintiffs' payment for the property. Defendant opposed the motion, arguing that a jury finding of fraud with respect to the sale of real estate was not necessary to the award of damages in the first trial. She claimed that the damages could have been awarded for breach of additional promises made by the broker to plaintiffs and that these promises bore no relationship to the sale of the property. Summary judgment was denied, and the case was tried before a jury, which found for defendant.

Defendant then moved for costs pursuant to V.R.C.P. 54 and for attorneys' fees pursuant to a provision in the sale agreement which stated:

> In the event legal action is instituted by either party to enforce the terms of this agreement, or arising out of the execution of this agreement or the sale, the prevailing party shall be entitled to receive from the other party a reasonable attorney fee to be determined by the court in which such action is brought.

The court awarded her $9,593.62 in costs, including deposition and expert witness costs, and attorneys' fees and further ordered that if she prevailed on appeal she should be awarded an additional sum of $1,500. This appeal followed.

Plaintiffs claim that the trial court erred in allowing defendant to relitigate issues decided against her during the first trial. We disagree.

Plaintiffs did not carry their burden of proving that claim preclusion should be applied before the trial court. See *United States v. Lasky*, 600 F.2d 765, 769 (9th Cir. 1979). Plaintiffs had the burden of introducing

> a sufficient record of the prior proceeding to enable the trial court to pinpoint the exact issues previously litigated. Unless [plaintiffs] establishe[d] a sufficient record in the trial court as to the issues necessarily determined in the prior proceeding, [they are] barred from raising the issue of collateral estoppel on appeal.

*Id.* The record discloses that the trial court declined to apply collateral estoppel in this case because plaintiffs did not furnish it with the instructions given to the jury in the first trial. Without the instructions, the court was unable to determine whether a finding that fraud induced the sale of the duplex was necessary to the jury verdict against the broker. "The record before the [trial] court was inadequate for it to determine whether it should apply the doctrine of collateral estoppel; in these circumstances we will not consider the issue on appeal." *Id.* Likewise, we shall not consider the issue here where the record before the trial court is inadequate.*

Plaintiffs argue that the court erred in awarding defendant Standish attorneys' fees. They contend that she is not entitled

---

* If plaintiffs subsequently gave the trial court a copy of the jury instructions, the record does not disclose this fact. "[W]here . . . facts do not appear in the trial record, they will not be considered on appeal." *First Vermont Bank & Trust Co. v. Village of Poultney*, 134 Vt. 28, 31, 349 A.2d 722, 725 (1975).

to attorneys' fees and that, in any event, the issue should have been submitted to a jury. The award of attorneys' fees by the court was not error.

The sales contract provided that the prevailing party was entitled to a reasonable attorney fee. Plaintiffs claim that reasonable people could disagree as to whether the provision applies in the present action, which they characterize as an "independent tort action[ ] arising out of the events which led up to the contract." Moreover, they argue that the parties did not agree that any of the provisions would survive the closing. We agree with the trial court that the contractual provision is unambiguous and clearly applicable in this action—a legal action arising out of the execution of the agreement.

■ Plaintiffs' claim that their constitutional rights were violated by the court's failure to submit the issue to a jury is also without merit. "It is hornbook law that construction of contract terms is a matter of law and not a factual determination." *Vermont National Bank v. Chittenden Trust Co.*, 143 Vt. 257, 266, 465 A.2d 284, 290 (1983). If a court rules that a provision is ambiguous, the trier of fact, in this case the jury, must determine the meaning intended by the parties. *Trustees of Net Realty Holding Trust v. AVCO Financial Services of Barre, Inc.*, 144 Vt. 243, 249, 476 A.2d 530, 533 (1984). Here, since the trial court ruled that the contested provision in the contract was "clear and unambiguous," the only issue which could have been submitted to the jury was the calculation of reasonable attorneys' fees. However, the contract provision pertaining to the award of attorneys' fees specifically stated that a prevailing party was entitled to "a reasonable attorney fee to be determined *by the court* in which such action is brought." (Emphasis added.) Therefore, there was no question for the jury to decide, and plaintiffs were not deprived of any constitutional right by the court's determination of the issue.

Plaintiffs' final argument is that the costs awarded by the trial court were unauthorized and excessive. The court awarded costs for depositions and for expert witnesses. We affirm the award of costs for depositions but remand for calculation of expert witness costs in conformity with this opinion.

■ V.R.C.P. 54(g) provides that "[t]he taxing of costs in the taking of depositions shall be subject to the discretion of the

court." Because defendant prevailed against plaintiffs, the court did not abuse its discretion in awarding defendant her actual costs incurred in taking depositions in connection with her defense. *Proctor Trust Co. v. Upper Valley Press, Inc.*, 137 Vt. 346, 352, 405 A.2d 1221, 1225 (1979).

The court did, however, abuse its discretion in awarding defendant her costs for expert witness fees to the extent those costs exceeded generally allowable witness fees. 32 V.S.A. § 1551 sets out the costs allowable for witness fees generally. Extra compensation for expert witnesses may be allowed only in state causes. 32 V.S.A. § 1554. Accordingly, defendant was limited by the provisions of 32 V.S.A. § 1551 which provide for payment of witness fees on a per-diem and per-mile basis. See *Dulan v. Johnston*, 687 P.2d 1045, 1048 (Okla. 1984) (applying a similar Oklahoma statute).

*Cause is remanded for assessment, in conformity with this opinion, of costs allowable for expert witness fees; the judgment in all other respects is affirmed.*