Bell v. Palmer, No. 64-4-02 Ancv  (Reiss, J., May 9, 2005)


[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]


STATE OF VERMONT
ADDISON COUNTY, SS.


|  |  |  |
|---|---|---|
|  | ) |  |
| KENNETH AND PENNY BELL | ) | Addison Superior Court |
|  | ) |  |
| v. | ) | Docket No. 64-4-02 Ancv |
|  | ) |  |
| MICHAEL PALMER | ) |  |


OPINION AND ORDER REGARDING DEFENDANT'S BILL OF COSTS

This matter comes to the court on Defendant Michael Palmer's March 2, 2005 bill of costs.  Plaintiffs Kenneth and Penny Bell filed a private nuisance action against Defendant.  On January 25, 2005, the Court entered a decision and order denying Plaintiffs relief, dismissing the action on the merits, and granting Defendant costs of the action.  Defendant served Plaintiffs with a Bill of Costs on March 2, 2005, and Plaintiffs filed an objection to this bill on March 16, 2005.[1]  On April 8, 2005, Defendant responded to Plaintiffs' objection.

Plaintiffs argue that Vermont law does not authorize most of the costs that Defendant listed, including costs for photocopies, fax charges, the retrieval of 19th century English common law cases from the University of Baltimore Law Library, travel expenses, fees for a certified copy of a declaration of easements and restrictive covenants, a videotape of the trial for purposes of preparing proposed findings of fact, and "Accurint charges/address verification."

---

[1] In their objection, Plaintiffs argued, in part, that Defendant's bill of costs was premature, as the court had not issued a final judgment order.  The court entered a judgment order on April 6, 2005, and will therefore consider Defendant's bill.

1

V.R.C.P. 54(d)(1) provides that the prevailing party's costs "allowed as of course" are defined by statute and by the Rules of Civil Procedure, "unless the court otherwise specifically directs." "Except for the provisions of Rule 54(f), (g), for trustee cases and depositions, most items of costs are statutory." Reporter's Notes, V.R.C.P. 54 (citing 32 V.S.A. § 1471). Section 1471, in turn, provides that costs include "the entry fees, the cost of service fees incurred and the total amount of the certificate of witness fee paid." 32 V.S.A. § 1471.

At common law in Vermont, this statutory provision was considered a mere expansion of the cost recovery rights available under English statutes as of 1760 (the year Vermont adopted English common law). *See Comstock's Admr. v. Jacobs*, 89 Vt. 510, 512 (1915). For this reason, the Vermont Supreme Court has allowed costs not specified in § 1471, such as transcript copying fees for an appeal, as such costs were generally recoverable under English statutory law. *Id.* at 513.

The statute as currently worded, however, demonstrates that the legislature intended to supercede English statutory recovery rights entirely. As amended in 1978, the statute provides that "[t]here shall be taxed in the bill of costs to the recovering party in the supreme or superior court a fee *equal to* the entry fees, the cost of service fees incurred and the total amount of the certificates of witness fees paid." 32 V.S.A. § 1471 (emphasis supplied). If the court were to allow costs as of course outside of the specific areas noted in the statute, it would ultimately tax a bill of costs exceeding the entry fees, service fees, and certificates of witness fees paid. Therefore, the court must limit Defendant's recovery to the types of costs allowed in § 1471. Although the Vermont Supreme Court has held that trial courts have broad discretion in awarding costs under Rule 54, *see Peterson v. Chichester*, 157 Vt. 548, 553 (1991); *In re Gadue*, 149 Vt. 322, 327 (1987), Defendant has provided no justification for the court to exercise such discretion and award costs above those specified by the statute. Accordingly, the costs listed above are excluded.

Plaintiffs also argue that Defendant has failed to make a motion demonstrating that deposition expenses included in his bill of costs are "reasonably necessary" pursuant to V.R.C.P. 54(g), and even if such expenses are reasonably necessary, Plaintiffs argue that they should not include videotaping expenses.

Costs related to taking depositions "shall be subject to the discretion of the court. No costs shall be allowed unless the court finds that the taking of the deposition was reasonably necessary, whether or not the deposition was actually used at trial." V.R.C.P. 54(g); *see also Ianelli v. Standish*, 156 Vt. 386, 389–90 (1991) ("Because defendant prevailed against plaintiffs, the court did not abuse its discretion in awarding defendant her actual costs incurred in taking depositions in connection with her defense.").

In his April 6, 2005 response, Defendant argues that depositions were necessary in order to understand the specific nature and extent of the facts underlying Plaintiffs' claims. The court agrees, and finds that depositions in this case were reasonably necessary.

V.R.C.P. 54(g), however, does not mention videotaping costs, and Defendant has provided no justification for such expenses in addition to the court reporter expenses. Accordingly, the costs shall exclude the videotaping expenses.

For the foregoing reasons, Plaintiffs are ORDERED to remit to Defendant costs identified in the Bill of Costs, as modified by this opinion, to wit, $302.10.

SO ORDERED.

Dated at Middlebury, Vermont, May 9th, 2005.

_____/s/_____
Hon. Christina Reiss
Presiding Judge