ORIGINAL PAPER
RUTLAND SUPERIOR COURT

AUG 0 8 2008

STATE OF VERMONT
RUTLAND COUNTY

JOHN A. SMIEL and )
CHERYL REYNOLDS )  **Rutland Superior Court**
 )  **Docket No. 236-5-06 Rdcv**
v. )
 )
CARDINAL BUILDERS, LLC )

## DECISION
### Defendant's Motion for Attorney's Fees, filed May 2, 2008
### Plaintiffs' Motion for Judgment N.O.V. or New Trial, filed May 12, 2008

Plaintiffs John Smiel and Cheryl Reynolds filed a complaint alleging breach of contract and consumer fraud. On April 18, 2008, after a three-day trial, a jury returned a special verdict for defendant Cardinal Builders, LLC on both claims. The present post-trial matters before the court are (1) Defendant's Motion for Attorney's Fees, filed May 2, 2008 by Attorney Matthew Hart; and (2) Plaintiff's "Motion for Judgment Notwithstanding the Verdict and, In the Alternative, Motion for a New Trial Under Rule 59," filed May 12, 2008 by Attorney Jeffry Taylor.

The court interprets Plaintiffs' Motion as separate post-trial motions for judgment as a matter of law under V.R.C.P. 50(b) and for a new trial under V.R.C.P. 59(b). 9B Wright & Miller, Federal Practice and Procedure: Civil 2d §§ 2521, 2531 (explaining that motions for judgment notwithstanding the verdict are now treated as renewed motions for judgment as a matter of law under Rule 50(b), and explaining distinctions between post-trial motions for judgment as a matter of law and motions for new trial).

*Plaintiffs' Motion for Judgment as a Matter of Law*

Plaintiffs first seek a ruling that the evidence presented at trial required the jury to determine that Cardinal Builders breached the contract by failing to insulate the foundation.

The procedural requirements of V.R.C.P. 50 are interpreted strictly. *Ulm v. Ford Motor Corp.*, 170 Vt. 281, 284 (2001). Motions for judgment as a matter of law must be made "at any time before submission of the case to the jury," V.R.C.P. 50(a), because the purpose of the motion is to test "whether any finding other than the one requested would be erroneous as a matter of law." 9B Federal Practice and Procedure, *supra*, § 2521. Motions for judgment as a matter of law may be renewed after trial under Rule 50(b), but such post-trial motions "can be granted only on grounds advanced in the pre-verdict motion," if any. *Monahan v. GMAC Mortgage Corp.*, 2005 VT 110, ¶ 51, 179 Vt. 167

1

(quoting V.R.C.P. 50(b), Reporter's Notes—1995 Amendment). Arguments that are presented for the first time in a post-trial motion under Rule 50(b) are waived. *Id.*

The court has reviewed the record and determined that Plaintiffs did not move for judgment as a matter of law before submission of the case to the jury. Plaintiffs are accordingly precluded from now "renewing" a motion for judgment as a matter of law under Rule 50(b).[1] *Merrill v. Reville*, 135 Vt. 517, 519–20 (1977). Plaintiffs' Motion for Judgment as a Matter of Law is *denied*.

## Plaintiffs' Motion for a New Trial

Motions for a new trial are within the sound discretion of the trial court. *Cooper v. Myer*, 2007 VT 131, ¶ 12, 18 Vt. L. Wk. 404 (mem.). The trial court reviews all of the evidence in the light most favorable to the jury verdict, because "it is the protected duty of the jury to render a verdict, and a judge may not disturb that verdict unless it is clearly wrong." *Hardy v. Berisha*, 144 Vt. 130, 133–34 (1984) (citations omitted). "Only after the evidence is so viewed, and the verdict is shown to be clearly wrong and unjust because the jury disregarded the reasonable and substantial evidence, or found against it, because of passion, prejudice, or some misconception of the matter, can the court exercise its discretion to set aside the verdict." *Pirdair v. Medical Ctr. Hosp.*, 173 Vt. 411, 416 (2002) (quoting *Gregory v. Vt. Traveler, Inc.*, 140 Vt. 119, 121 (1981)).

Plaintiffs argue that a new trial should be granted because the jury's verdict was erroneous. Plaintiffs contend that the parties contracted for the installation of a foundation, that an implied term of the contract was that the foundation be installed in a workmanlike manner under *Jackson v. Rogers*, 120 Vt. 138 (1957), and that the undisputed evidence showed that the foundation had been installed without insulation. Plaintiffs therefore argue that the jury's verdict, which found no breach of contract, was clearly wrong.

No new trial is required in this case. The jury was instructed that the implied warranty of workmanship applies only to defects that are latent or concealed at the time the buyer purchases the home, and not to problems that are visible to the buyers. *Meadowbrook Condo Ass'n v. S. Burlington Realty Corp.*, 152 Vt. 16 (1989). Based on the evidence presented during trial, the jury could have determined that the implied warranty did not apply because the absence of insulation was visible to Mr. Smiel and Ms. Reynolds at the time of closing. The jury's verdict was therefore consistent with the evidence presented at trial and the law, and Plaintiffs' Motion for a New Trial is accordingly *denied*.

---

[1] Moreover, if the court were to reach the merits of the motion, it would be denied because the jury could have reasonably found that the foundation was not insulated, but that the implied warranty of workmanship did not apply because the defect was patent at the time of closing. For this reason, the evidence submitted at trial does not require judgment as a matter of law on the claim for breach of contract.

2

## Defendant's Motion for Attorney's Fees

Defendant seeks reasonable attorney's fees and costs based on a contractual agreement. See *Fletcher Hill, Inc. v. Crosbie*, 2005 VT 1, ¶ 5, 178 Vt. 77 (explaining that the American Rule may be modified by statute or agreement). The contract is a standard, pre-printed form prepared by the Vermont Association of Realtors. Paragraph 20 is a default clause which contains the following fee-shifting provision:

> In the event legal action is instituted arising out of a breach of this contract, the prevailing party shall be entitled to reasonable attorney's fees and costs.

The parties dispute whether the fee-shifting provision applies in this case. Defendant contends that the provision was triggered by the filing of a complaint alleging breach of contract. Plaintiffs argue that the condition precedent to an award is not satisfied in this case because the jury found that no breach of contract had occurred, and that this interpretation is supported by comparison with *Ianelli v. Standish*, 156 Vt. 386, 389 (1991).

The language of the standardized VAR form shows that the parties intended for the fee-shifting provision to be triggered by the filing of a complaint alleging breach of contract. See *Harsch Properties, Inc. v. Nicholas*, 2007 VT 70, ¶ 12, 18 Vt. L. Wk. 206 (explaining that courts interpret fee-shifting provisions to give effect to the intent of the parties, which is expressed by the language of the contract). The contract provides for an award to the prevailing party "in the event legal action is *instituted* arising out a breach of this contract." (Emphasis added). The court interprets the term "instituted" as referring to the commencement of legal action, which is accomplished by the filing of a complaint. V.R.C.P. 3. The court furthermore interprets the term "arising out of a breach of this contract" as referring to the causal connection between a controversy surrounding the performance of the contract and the subsequent filing of a complaint. See Black's Law Dictionary 115 (8th ed. 2004) (explaining that the verb "arise" means "to originate" or "to stem from" or "to result from"). These language choices show that the parties emphasized the initiation of the litigation, rather than the ultimate verdict, as the trigger for an award of reasonable attorney's fees to the prevailing party. In this case, the provision was triggered when Plaintiffs filed a complaint alleging breach of contract.

Interpreting the fee-shifting provision in this manner is consistent with other terms of the contract. See *In re Grievance of Cole*, 2008 VT 58, ¶ 19, 19 Vt. L. Wk. 219 (explaining that contract provisions are to viewed in their entirety, and read together). The standardized, pre-printed form is neutral in tone, and the default clause even-handedly describes the remedies available to each party in the event of a default by the other party. This makes it unlikely that the parties intended to make attorney's fees available to one party, but not the other. Moreover, the contract contains a clause requiring mediation prior to litigation, which reinforces the conclusion that the provisions of the contract were intended to discourage, rather than encourage, a rush to litigation.

3

It is additionally noteworthy that the parties' contract is a standardized form which has been interpreted by other Vermont courts as providing for an award of attorney's fees to defendants who prevail in litigation arising out of an alleged breach of contract. See *Sherwood Development Corp. v. McCormick*, No. S1519-04 CnC (Norton, J., June 6, 2005) (awarding fees to defendant who prevailed on pre-trial motion to dismiss in breach-of-contract action);[2] *Williams v. Campbell*, No. S0920-01 CnC (Katz, J., Mar. 12, 2004) (interpreting identical fee-shifting provision as being triggered "when a party asserts breach of contract");[3] see also *Ianelli*, 156 Vt. at 388–89 (interpreting prior version of form as awarding attorney's fees to prevailing defendant).

Plaintiff argues that the fee-shifting provision in *Ianelli* was broader than the language used here. This is true, in that the contract in *Ianelli* allowed for the recovery of attorney's fees by the prevailing party in an action for fraud, whereas the provision in this case is triggered by the assertion of a breach of contract. Comparison with *Ianelli*, however, does not require this court to interpret the parties' contract as awarding fees only to plaintiffs who prove that a breach of contract actually occurred, when such an interpretation is not supported by the language or intent of the agreement.

For these reasons, the court concludes that Defendant is entitled to an award of reasonable attorney's fees and costs, based on the parties' contract.

The next question is whether the attorney's fees and costs requested are reasonable. Defendant seeks $26,109.40 in attorney's fees and $1,002.90 in costs. Mr. Hart has filed an affidavit supporting this request, along with billing records indicating that he spent 115.1 hours on the defense at rates between $140.00 and $160.00 per hour, and that other lawyers spent 38.4 hours on the defense at rates between $150.00 and $185.00 per hour.

Plaintiffs have objected to 27 hours billed by Mr. Hart: 3 hours for attending a pretrial conference on April 9, 2008, and 24 hours for attending the trial on April 16–18, 2008. Plaintiffs contend that the bulk of the legal services at these proceedings were provided by attorney Harry Ryan, and that it is not reasonable to require Plaintiffs to pay for two lawyers to attend the same proceeding. Plaintiffs also object to the absence of expert testimony from independent counsel, which the court interprets as an objection to the reasonableness of the rates requested, although Plaintiffs do not raise any specific contention that the hourly rates billed by various attorneys are too high.

Based on these objections, the court will schedule an evidentiary hearing to determine the reasonableness of the rates requested, and Defendant is required to present expert testimony from independent counsel supporting the requested rates. *Parker, Lamb and Ankuda, P.C. v. Krupinsky*, 146 Vt. 304, 309 (1985). The attorneys are encouraged, however, in the interest of economy, to explore whether they can stipulate to any factual matters without expert testimony, such as the reasonableness of hourly rates. The court will address arguments related to the reasonableness of billing for two lawyers.

---

[2] *Available at* http://www.vermontjudiciary.org/tcdecisionscvl/2005-9-15-1.pdf.
[3] *Available at* http://www.vermontjudiciary.org/tcdecisionscvl/2005-11-2-6.pdf.

4

## ORDER

For the foregoing reasons,

(1) Plaintiffs' Motion for Judgment as a Matter of Law, filed May 12, 2008, is *denied*;

(2) Plaintiffs' Motion for a New Trial, filed May 12, 2008, is *denied*; and

(3) Defendants' Motion for Attorney's Fees, filed May 2, 2008, is *granted*, and the court will schedule an evidentiary hearing on attorneys' fees.

Dated at Rutland, Vermont this 7th day of August, 2008.

Hon. Mary Miles Teachout
Presiding Judge